2014 PA Super 193

| | |
|---|---|
| FRANK E. GARDNER AND THOMAS C. COSTEA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellees | |
| v. | |
| CONSOLIDATED RAIL CORPORATION AND NORFOLK SOUTHERN RAILWAY COMPANY, | |
| Appellants | Nos. 1211 & 1212 EDA 2013 |

Appeal from the Order Dated April 10, 2013
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): June Term, 2012, No. 04013

BEFORE:  BOWES, OTT, and STRASSBURGER,[*] JJ.

OPINION BY BOWES, J.:                    **FILED SEPTEMBER 09, 2014**

Consolidated Rail Corporation and Norfolk Southern Railway Company appeal from the April 10, 2013 order that granted reconsideration of a final appealable order entered on February 19, 2013.  As the court was without jurisdiction to modify its February 19, 2013 order, we vacate the order dated April 10, 2013 and remand for entry of an order transferring this action to the Court of Common Pleas of Blair County.

Appellees, Frank E. Gardner and Thomas C. Costea, instituted this action on June 29, 2012 by writ of summons.  In their September 14, 2012

_____

[*]  Retired Senior Judge assigned to the Superior Court.

complaint, Appellees alleged that this lawsuit was brought pursuant to the Federal Employers' Liability Act, 45 U.S.C. §§ 51, *et seq.* and that, due to the negligence of Appellants' employees and agents, they had sustained bodily injury during the course of their employment with Appellants. Mr. Gardner allegedly sustained degenerative joint disease in his right shoulder and osteoarthritis of the right knee during his employment with Appellants, while Mr. Costea purportedly contracted degenerative disc and joint disease and other similar injuries performing services for them. Appellants filed an answer and new matter, including a request that the case be transferred due to improper venue.

After Appellees filed a response to the new matter, Appellants filed a motion to transfer venue of this matter based upon *forum non conveniens* pursuant to Pa.R.C.P. 1006(d)(1). Appellants averred that Appellees lived and worked in Blair County during the course and scope of their employment with Appellants. In an order dated February 19, 2013 and entered February 20, 2013, the trial court granted the motion to transfer venue. The docket establishes that notice of the February 19, 2013 order was given by the prothonotary pursuant to Pa.R.C.P. 236. Appellees filed a motion for reconsideration on February 21, 2013, but they failed to file a direct appeal. On April 10, 2013, the trial court granted the motion for reconsideration and vacated its February 19, 2013 order. This timely appeal followed. Appellants raise the following contentions:

>    1. Whether the trial court erred in considering and granting Plaintiffs' Motion for Reconsideration of its February 19, 2013 Order of Court transferring this matter to Blair County, Pennsylvania more than thirty (30) days after entering this Order?
>
>    2. Whether the trial court erred in vacating its initial decision to grant the Railroad Defendants Motion to Transfer this case to Blair County, Pennsylvania, when it issued its reversal order more than thirty (30) days after initially granting Defendants' Motion, in violation of 42 Pa. C.S. § 5505?

Appellants' brief at 5.

We agree that on April 10, 2013, the trial court no longer had jurisdiction to reconsider and vacate its order transferring venue since more than thirty days had lapsed since entry of the order. We therefore vacate the April 10, 2013 order and remand this case for transfer to the Court of Common Pleas of Blair County. Initially, we note that a motion granting a defendant's motion to transfer venue based upon *forum non conveniens* is a final appealable order. *Bratic v. Rubendall*, 43 A.3d 497, 499 n.2 (Pa.Super. 2012) *reversed on other grounds*, 2014 WL 4064028 (Pa. 2014); Pa.R.A.P. 311(c) ("[a]n appeal may be taken as of right from an order in a civil action or proceeding changing venue . . . on the basis of forum *non conveniens.*"); Pa.R.A.P. 311(g)(1)(ii) ("Where an interlocutory order is immediately appealable under this rule, failure to appeal . . . shall constitute a waiver of all objections to jurisdiction over the person or over the property involved or to venue, etc. and the question of jurisdiction or venue shall not be considered on any subsequent appellate review of the matter.").

Accordingly, we reject Appellees' sole claim, which is that the February 20, 2013 order was interlocutory since it did not put "the lawsuit at an end." Appellees' brief at 4.[1]

The February 19, 2013 order, which was adverse to Appellees, had to be appealed within thirty days. Pa.R.A.P. 903(a). The failure to file a timely appeal from a final order results in that order becoming *res judicata* on the issue decided therein. **In re Estate of Karschner**, 919 A.2d 252, 256 (Pa.Super. 2007) (citation omitted) ("The failure to appeal from a final order renders the doctrine of *res judicata* applicable.").

Additionally, it is well-settled that a motion for reconsideration, unless expressly granted within the thirty-day appeal period, does not toll the time period for taking an appeal from a final, appealable order. **Valley Forge Center Associates v. Rib-It/K.P., Inc.**, 693 A.2d 242 (Pa.Super. 1997). As we noted in **Valley Forge**, the "mere filing of a motion for reconsideration . . . is insufficient to toll the appeal period." We continued that "the 30-day appeal period is tolled only by a timely order 'expressly granting' reconsideration" of the final appealable order. **Id**. at 245. Concomitantly, "either the lapse of 30 days beyond the date of entry of an original order, or the filing of a notice of appeal will vitiate the jurisdiction of the trial court to modify, alter, or otherwise proceed further in the matter."

---

[1] We note that Appellees cite to a Delaware case in arguing that the order granting the motion to change venue was not a final order.

*Id*.  Thus, "If a trial court fails to grant reconsideration expressly within the prescribed 30 days, it loses the power to act upon both the petition [for reconsideration] and the original order."  *Id*.; **see also PNC Bank, N.A. v. Unknown Heirs**, 929 A.2d 219, 226 (Pa.Super. 2007).  These principles are premised upon application of 42 Pa.C.S. § 5505, which is invoked by Appellants in this case, and provides that "a court upon notice to the parties may modify or rescind any order within 30 days after its entry . . . if no appeal from such an order has been taken or allowed."

In this case, the February 19, 2013 order transferring venue was entered on February 20, 2013, and proper notice was sent to the parties that day.  Thus, the trial court herein lost jurisdiction to alter the February 20, 2013 order after March 22, 2013.  On April 10, 2013, the trial court could no longer grant the petition for reconsideration of the February 20, 2013 order, nor did it have the power to change that order.  The April 10, 2013 order is invalid since it was entered after the trial court was divested of jurisdiction to act in this case.

The April 10, 2013 order is vacated.  This action is to be transferred to the Court of Common Pleas of Blair County pursuant to the February 19, 2013 order.  Case remanded.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/9/2014