J-A34019-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JUDE M. GAYDOS, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JOHN A. CARPENTER, ESQUIRE, | : | |
| | : | |
| Appellant | : | |
| | : | No. 251 MDA 2014 |

Appeal from the Order Entered January 2, 2014,
In the Court of Common Pleas of Northumberland County,
Civil Division, at No. CV-2005-00143.

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN, J., and STABILE, J.

MEMORANDUM BY SHOGAN, J.:                **FILED MARCH 09, 2015**

Appellant, John A. Carpenter, Esquire, appeals from the order denying his motion for reconsideration which he filed following the trial court's denial of his motion for summary judgment.  After review, we quash.

This case arises from the purchase, by Dr. Jude M. Gaydos ("Gaydos"), of a dental practice owned by corporation, David T. Gragowski, Inc. ("Corporation"), as well as the real estate in which the dental practice operated, which was owned by David T. Gragowski ("Gragowski"), individually.  In that transaction, Gaydos was represented by attorney Cary Fleisher.  The Corporation and Gragowski were represented by Appellant. The agreement of sale was executed and the closing occurred on June 28, 1996.

On April 28, 1999, Gaydos filed suit against Gragowski, maintaining that Gragowski made misrepresentations to Gaydos during the sale of the practice. These alleged misrepresentations related to whether Gragowski was the subject of any pending lawsuits or administrative proceedings with respect to the business. Appellant was not named as a defendant in that lawsuit, and he did not represent Gragowski in that proceeding. The arbitrator awarded Gaydos $361,395.00 for breach of contract. The award was filed and judgment was entered. Gaydos settled with Gragowski for payment of a portion of the judgment.

During the course of those proceedings, Gaydos discovered that Appellant had represented Gragowski when the Commonwealth of Pennsylvania attempted to revoke Gragowski's license to practice dentistry prior to preparing the sales agreement between Gaydos and Gragowski. Appellant failed to disclose that information. Gaydos commenced the present action against Appellant by filing a writ of summons on January 27, 2005, and a complaint on March 16, 2005. The first amended complaint filed on April 18, 2005, contained two counts: breach of fiduciary duty and "aiding and abetting fraud". Complaint, 4/18/05. A demurrer to count 1, breach of fiduciary duty, was sustained by order dated December 5, 2005. Thus, the only remaining claim is the count sounding in fraud.

On July 8, 2010, the trial court issued a "notice of proposed termination of court case." A deadline for a statement of intention to proceed was imposed. On September 10, 2010, Gaydos timely filed a statement of intention to proceed.

Appellant filed a motion for summary judgment on July 10, 2013. By order entered September 13, 2013, the trial court denied Appellant's motion for summary judgment. On October 3, 2013, Appellant filed a motion to amend the September 13, 2013 order to certify for purposes of taking an interlocutory appeal. On the same date, Appellant also filed a motion for reconsideration of the September 13, 2013 order. By order entered January 2, 2014, the court denied both motions. On January 31, 2014, Appellant filed a notice of appeal from the January 2, 2014 order that denied Appellant's motion for reconsideration. Notice of Appeal, 1/31/14, at 1. The trial court directed Appellant to file a Pa.R.A.P. 1925(b) statement and Appellant timely complied.

On March 4, 2014, this Court issued an order, *per curiam*, noting that the appeal was from an interlocutory order and appeared to be untimely. Order, 3/4/14, at 1. The order directed Appellant to show cause why the appeal should not be dismissed. *Id.* Appellant filed a response. On March 24, 2014, again *per curiam*, this Court discharged the March 4, 2014 show-cause order and issued an order referring the issue to the merits

panel. Order, 3/24/14, at 1. Both parties were directed to address the issues of appealability and timeliness in their appellate briefs. *Id.* After being advised by the Superior Court, by letter dated June 25, 2014, that there was no Pa.R.A.P. 1925(a) opinion in the record, the trial court submitted a Pa.R.A.P. 1925(a) opinion. Trial Court Opinion, 7/25/14.

Appellant presents the following issue for our review:

Whether the Plaintiff's (Gaydos') claim is barred by collateral estoppel since one of the necessary elements of [Gaydos'] claim has been decided adversely to [Gaydos] in a prior action and all requirements for collateral estoppel to apply are satisfied?

Appellant's Amended Brief at 4.

Before addressing the merits of Appellant's claim, we must first determine whether this appeal is properly before us. "We address this issue first because the appealability of an order directly implicates the jurisdiction of the court asked to review the order." *Mother's Restaurant Inc. v. Krystkiewicz*, 861 A.2d 327, 331 (Pa. Super. 2004).

Pursuant to this Court's order, both parties have addressed the appealability of this order in their briefs. Appellant maintains that the January 2, 2014 order is appealable pursuant to the collateral order doctrine set forth at Pa.R.A.P. 313. Appellant's Amended Brief at 20. Appellant asserts that the pending appeal relates only to the narrow issue of whether the doctrine of collateral estoppel applies to bar Gaydos' action. *Id.* at 20-

Appellant further asserts that the notice of appeal was timely filed within thirty days of the January 2, 2014 order. *Id.* at 24.

Gaydos, on the other hand, argues that an appeal properly lies from the order denying Appellant's motion for summary judgment, which was entered on September 13, 2013. Gaydos' Brief at 3. Despite Appellant's filing a motion for reconsideration, the trial court did not enter an order expressly granting reconsideration of the September 13, 2013 order. *Id.* As such, a notice of appeal needed to be filed by October 13, 2013. *Id.* Thus, the appeal filed January 31, 2014 was untimely.[1]

As a general rule, this Court has jurisdiction only over appeals taken from final orders. *Commonwealth v. Scarborough*, 64 A.3d 602, 608 (Pa. 2013). Rule 341 of the Pennsylvania Rules of Appellate Procedure, defining final orders, provides, in relevant part, as follows:

> **Rule 341. Final Orders; Generally**
>
> **(a) General rule.** Except as prescribed in subdivisions (d) [related to appeals from the Superior Court and Commonwealth Court], and (e) [addressing criminal orders] of this rule, an appeal may be taken as of right from any final order of an administrative agency or lower court.
>
> **(b) Definition of final order.** A final order is any order that:
>
> > (1) disposes of all claims and of all parties; or

---

[1] Gaydos does not address the issue of whether the appeal has been taken from an interlocutory order.

(2) is expressly defined as a final order by statute; or

(3) is entered as a final order pursuant to subdivision (c) of this rule.

**(c) Determination of finality.** When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim or when multiple parties are involved, the trial court or other governmental unit may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case. Such an order becomes appealable when entered. In the absence of such a determination and entry of a final order, any order or other form of decision that adjudicates fewer than all the claims and parties shall not constitute a final order.

Pa.R.A.P 341.

"Ordinarily, an order denying a motion for summary judgment is considered interlocutory and unappealable." ***Yorty v. PJM Interconnection, L.L.C.***, 79 A.3d 655, 660 (Pa. Super. 2013). "However, the Pennsylvania Supreme Court has recognized that the collateral order doctrine may provide a narrow exception to the general rule." ***Aubrey v. Precision Airmotive LLC***, 7 A.3d 256, 261 (Pa. Super. 2010).

"An appeal may be taken as of right from a collateral order of ... [a] lower court." Pa.R.A.P. 313(a); ***Aubrey***, 7 A.3d at 261.

A collateral order is an order [1] separable from and collateral to the main cause of action where [2] the right involved is too important to be denied review and [3] the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

***Aubrey***, 7 A.3d at 261, Pa.R.A.P. 313(b). All three factors must be present before an order may be considered collateral. ***Aubrey***, 7 A.3d at 261. Our Supreme Court has emphasized:

> [T]he collateral order doctrine is a specialized, practical [exception to] the general rule that only final orders are appealable as of right. Thus, Rule 313 must be interpreted narrowly, and the requirements for an appealable collateral order remain stringent in order to prevent undue corrosion of the final order rule. To that end, each prong of the collateral order doctrine must be clearly present before an order may be considered collateral.

***Melvin v. Doe***, 836 A.2d 42, 46–47 (Pa. 2003) (internal citations omitted).

In light of the above standards, we first note that Appellant has not filed his notice of appeal from the order denying his motion for summary judgment, but instead, filed his notice of appeal from the January 2, 2013 order denying his motion for reconsideration of the trial court's order denying his motion for summary judgment.[2] As this Court has previously

---

[2] Appellant asserts that the trial court did not make a ruling on the issue of whether collateral estoppel bars the current action in its decision to deny Appellant's motion for summary judgment and thus, Appellant was prompted to file the motion for reconsideration. Appellant's Amended Brief at 22. Appellant seems to further claim that the court's January 2, 2014 order denying the motion for reconsideration could constitute the court's ruling on that issue. We disagree.

As the trial court explained in its Pa.R.A.P. 1925(a) opinion, the issue of *res judicata* was raised in conjunction with the collateral estoppel claim in the motion for summary judgment, and in ruling on the *res judicata* claim, the trial court implicitly ruled on the collateral estoppel claim. Trial Court Opinion, 7/25/14, at 3. Additionally, the order denying the motion for reconsideration did not constitute a review of the claim on its merits. A

held, an order denying a motion for reconsideration is not a final order and, thus, not appealable. ***Cheathem v. Temple Univ. Hosp.***, 743 A.2d 518, 521 (Pa. Super. 1999) ("Pennsylvania case law is absolutely clear that the refusal of a trial court to reconsider, rehear, or permit reargument of a final decree is not reviewable on appeal."). In the case *sub judice*, because Appellant's notice of appeal was taken from the January 2, 2013 order denying Appellant's motion for reconsideration, the appeal is improper.[3]

Furthermore, we conclude that Appellant's notice of appeal was not timely filed. "[A] motion for reconsideration, unless expressly granted within the thirty-day appeal period, does not toll the time period for taking an appeal from a final, appealable order." ***Gardner v. Consolidated Rail Corp.***, 100 A.3d 280, 283 (Pa. Super. 2014) (citing ***Valley Forge Center Associates v. Rib–It/K.P., Inc.***, 693 A.2d 242 (Pa. Super. 1997)).

---

motion for reconsideration is a discretionary request to have the trial court review a prior decision and is denied as a matter of law if the trial court does not rule on it in thirty days. Pa.R.A.P. 1701(b)(3). Citing Rule 1701(b)(3), our Supreme Court emphasized that "[a] trial court always has the authority to reconsider its own judgment. The question of whether or not to exercise that authority is left to the sound discretion of the trial court." ***Moore v. Moore***, 634 A.2d 163, 167 (Pa. 1993).

[3] Appellant's argument that the January 2, 2014 order denying the motion for reconsideration constitutes a collateral order lacks merit. As stated previously, the January 2, 2014 order simply denies Appellant's request that the court reconsider its September 13, 2013 order denying Appellant's motion for summary judgment. Again, an order denying a motion for reconsideration is not final and appealable. ***Cheathem,*** 743 A.2d at 521.

As we noted in **Valley Forge**, the mere filing of a motion for reconsideration ... is insufficient to toll the appeal period. We continued that the 30–day appeal period is tolled only by a timely order expressly granting reconsideration of the final appealable order.

**Gardner**, 100 A.3d at 283 (internal quotations omitted). Thus, in order to be timely, an appeal needed to be filed within thirty days of the September 13, 2013 order denying the motion for summary judgment.[4] Accordingly, Appellant's January 31, 2014 notice of appeal was untimely. Thus, we are constrained to quash the appeal.

Appeal quashed. Jurisdiction relinquished.

Judge Stabile joins the Memorandum.

P.J.E. Ford Elliott files a Concurring Memorandum Statement.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/9/2015

---

[4] As noted previously, orders denying motions for summary judgment are generally interlocutory. **Yorty,** 79 A.3d at 660. We, however, make no determination regarding the finality or appealability of that order because such determination is unnecessary to our instant analysis.