J-S07017-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN RE: ESTATE OF PATRICIA A. VONEIDA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: KENNETH L. VONEIDA | |
| Appellant | No. 746 MDA 2014 |

Appeal from the Order Entered April 4, 2014
In the Court of Common Pleas of Dauphin County
Civil Division at No(s): 2014 CV 2523 MP

BEFORE: BENDER, P.J.E., OLSON AND OTT, JJ.

MEMORANDUM BY OLSON, J.: **FILED APRIL 01, 2015**

Appellant, Kenneth L. Voneida, appeals *pro se* from an order entered on April 4, 2014 that denied his request for reconsideration of an order that denied his petition for declaratory relief. Since we are without jurisdiction, we quash the appeal.

On March 21, 2014, Appellant filed a petition for declaratory relief captioned as, "Request for Court Guidance before Establishing the Estate of Patricia A. Voneida, Deceased." Petition for Extraordinary Relief, 3/21/14. In his petition, Appellant requested legal advice from the trial court with respect to the settlement of his deceased wife's estate, particularly in handling the estate's firearm inventory. By order filed on March 25, 2014, the trial court denied Appellant's request for legal guidance. Thereafter, on April 2, 2014, Appellant petitioned for reconsideration of the March 25 order filed. On April 4, 2014, the trial court entered an order that denied

Appellant's request for reconsideration. Appellant filed his notice of appeal on April 30, 2014.

It is well-settled that the mere filing of a petition requesting reconsideration of a final order entered by the trial court does not toll the 30-day period for appeal from the final order. *Gardner v. Consolidated Rail Corp.*, 100 A.3d 280, 283 (Pa. Super. 2014); Pa.R.A.P. 903(a). Under our appellate rules, only an order "expressly granting" reconsideration within 30 days of the final order will toll the 30-day appeal period. *Id.*; Pa.R.A.P. 1701(b)(3)(i), (ii) and note. As the comment to Pa.R.A.P. 1701 explains, although a party may petition the court for reconsideration, the simultaneous filing of a notice of appeal is necessary to preserve appellate rights in the event that either the trial court fails to grant the petition expressly within 30 days, or it denies the petition. *Id.*

In this case, the trial court denied Appellant's petition for reconsideration within the 30-day period allowed for appeal. Thus, the trial court never entered an order expressly granting Appellant's reconsideration petition and the 30-day period was not tolled. Moreover, Appellant did not file a notice of appeal along with his petition for reconsideration. Instead, Appellant filed his notice of appeal on April 30, 2014, which was 27 days after the court denied his petition for reconsideration but 36 days after the entry of the final order that denied declaratory relief.

Since Appellant did not file his notice of appeal in compliance with Pa.R.A.P. 903(a)'s 30-day appeal period, his appeal is untimely. In addition,

Pennsylvania case law is clear that the refusal of a trial court to reconsider, rehear, or permit reargument of a final order is interlocutory and not reviewable on appeal. ***Cheathem v. Temple University Hosp.***, 743 A.2d 518, 521 (Pa. Super. 1999). Hence, we lack jurisdiction to entertain Appellant's claims.[1]

Appeal quashed.

_____

[1] Appellant's April 2, 2014 petition for reconsideration included a request that the court direct the Dauphin County District Attorney to institute a private criminal complaint in which Appellant named himself as the accused. The trial court's April 4, 2014 order denying reconsideration rejected Appellant's request, stating that Appellant failed to serve the district attorney with the complaint and that the statute of limitations barred the enumerated offense. Appellant's inclusion of this request in his petition for reconsideration was improper and a legal nullity since this request had never previously been raised before the trial court and was not the subject of a prior order. However, to the extent Appellant's April 30, 2014 notice of appeal raises a timely challenge to this aspect of the trial court's April 4 order, we discern no error or abuse of discretion. As the trial court noted, Appellant failed to follow the proper procedure for instituting a private criminal complaint when he failed to present the complaint to the district attorney. ***See*** Pa.R.Crim.P. 506(A) and (B) (requiring submission of private criminal complaint to district attorney for approval or disapproval without unreasonable delay and providing that a district attorney who disapproves of the complaint must return it to the affiant who then may petition the court of common pleas for review of the decision). Since Appellant never presented his complaint to the district attorney, he is entitled to no relief from the trial court's April 4, 2014 order.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/1/2015