**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| STACEY HANEY, INDIVIDUALLY AND AS A PARENT AND NATURAL GUARDIAN OF HARLEY HANEY, A MINOR, AND PAIGE HANEY, A MINOR AND BETH VOYLES AND JOHN VOYLES, HUSBAND AND WIFE, INDIVIDUALLY, ASHLEY VOYLES, INDIVIDUALLY, LOREN KISKADDEN, INDIVIDUALLY, GRACE KISKADDEN, INDIVIDUALLY, | IN THE SUPERIOR COURT OF PENNSYLVANIA |

v.

RANGE RESOURCES-APPALACHIA, LLC, NEW DOMINION CONSTRUCTION, INC., TERRAFIX ENVIRONMENTAL TECHNOLOGY, INC., SKAPS INDUSTRIES, INC., ENGINEERED SYNTHETIC PRODUCTS, INC., RED OAK WATER TRANSFER NE., LLC, MICROBAC LABORATORIES, INC., MULTI-CHEM GROUP, LLC, UNIVERSAL WELL SERVICES, INC., HALLIBURTON ENERGY SERVICES, INC., SAXON DRILLING, L.P., HIGHLAND ENVIRONMENTAL, LLC, EAP INDUSTRIES, INC., AND TEST AMERICA, INC.,

v.

STACEY HANEY, INDIVIDUALLY AND AS A PARENT AND NATURAL GUARDIAN OF HARLEY HANEY, A MINOR, AND PAIGE HANEY, A MINOR AND BETH VOYLES AND JOHN VOYLES, HUSBAND AND WIFE, INDIVIDUALLY, ASHLEY VOYLES, INDIVIDUALLY, LOREN KISKADDEN, INDIVIDUALLY, GRACE KISKADDEN, INDIVIDUALLY,

v.

SOLMAX INTERNATIONAL, INC.,

J-A35021-15

APPEAL OF: RANGE RESOURCES-
APPALACHIA, LLC,

              Appellant       |      No. 257 WDA 2015

Appeal from the Order Entered February 5, 2015
In the Court of Common Pleas of Washington County
Civil Division at No(s): Case No. 2012-3534

BEFORE:  BENDER, P.J.E., SHOGAN, and MUSMANNO, JJ.

MEMORANDUM BY SHOGAN, J.:           **FILED JANUARY 29, 2016**

Range Resources-Appalachia, LLC ("Range") appeals from an order quashing its privilege-based objection to service of a subpoena on URS Corporation ("URS") by Appellees, current and former residents of Amwell Township, Washington County, Pennsylvania ("Residents").  We affirm.

Range is a natural gas drilling company.  URS is an engineering and design firm retained by Range.  Residents live or lived within approximately 800 to 3500 feet of Range's Yeager drilling site ("the Yeager Site").  Residents filed the underlying action on May 25, 2012, for injuries and property damage caused by environmental contamination and pollution resulting from Range's 2010-2011 drilling operations at the Yeager Site.

In support of its lawsuit, Residents sent Range a request for production of documents on April 23, 2013, asking for, *inter alia*, "any and all air testing Range had performed at any and all of its natural gas sites." Motion to Quash Objection, 12/30/14, at Exhibit A ¶¶ 12, 13.  Range responded on June 14, 2013, with an objection to the discovery request and

- 2 -

a statement that "it has no air monitoring tests, studies, and air disbursement modeling results regarding the Yeager Drill Site." *Id.* at ¶ 12 RESPONSE.

Upon learning that Range had, in fact, retained URS at some point after 2010 to conduct air testing at several Range sites, other than the Yeager site, Residents filed a notice of intent to serve URS with a subpoena on August 29, 2014. Motion to Quash Objection, 12/30/14, at Exhibit C (Deposition testimony of Pete Miller) and Exhibit E (Notice of Intent). The scope of the subpoena covered:

> [a]ny and all documents and things related to inspections, investigations, modeling (including air and water), monitoring (including air and water), evaluations, testing, analysis (including laboratory), studies, consultations or work activities related to natural gas drill sites, well sites and impoundments operated by Range Resources – Appalachia, LLC in Pennsylvania, including but not limited to the "Yeager," "Day," "Carter" and "Lowery" sites from July 2010 through the present.

*Id.* at Exhibit E. Range objected to the proposed subpoena, alleging that its scope included privileged documents possessed by URS. Specifically, Range asserted that it retained URS "as an expert consultant" and, therefore, the requested discovery was protected under Pa.R.E. 4003.5(a)(3). Objection to Notice of Intent, 9/18/14, at ¶¶ 2–6. Range also objected on grounds of relevance, attorney work product, and attorney-client privilege. *Id.* at 7. However, Range agreed to request documents from URS and "produce those documents that are not privileged and are otherwise discoverable." *Id.* at ¶ 9.

- 3 -

Residents filed a motion to quash Range's objection and a motion to compel discovery responses. Motion to Quash Objections and Motion to Compel Discovery Responses, 12/30/14. The trial judge (now retired Judge Debbie O'Dell-Seneca) granted Residents' motions on December 30, 2014. Order, 12/30/14. Residents served URS with a subpoena on January 2, 2015. Response in Opposition to Motion for Reconsideration, 1/13/15, at 9.

Range filed a motion for reconsideration, again asserting that it retained URS "as an expert consultant in anticipation of litigation and in preparation for trial," and, therefore, the requested discovery was protected under Pa.R.E. 4003.5(a)(3). Motion for Reconsideration, 1/8/15, at ¶¶ 1, 2. In support of its motion for reconsideration, Range produced a November 8, 2011 engagement letter from its counsel to URS regarding "McAdams Road Area Complaints, Amwell Township, Washington County, Pennsylvania." Supplemental Exhibit, 1/12/15, at Exhibit A (Engagement Letter, 11/8/11).[1] Residents filed a response. Response in Opposition to Motion for Reconsideration, 1/13/15, at 1.

In light of Judge O'Dell-Seneca's retirement at the end of 2014, President Judge Katherine B. Emery granted a stay of the December 30, 2014 discovery order and reassigned the case to Judge William R. Nalitz.

---

[1] We note that the last four lines of the first full paragraph of the letter are redacted. Supplemental Exhibit, 1/12/15, at Exhibit A (Engagement Letter, 11/8/11).

Order of Court, 1/13/15. Range then filed a motion to amend the January 13, 2015 order, requesting that the trial court grant reconsideration of the December 30, 2014. Motion to Amend, 1/23/15. On January 26, 2015, Judge Emery granted Range's motion to amend, vacated the January 13, 2015 order, granted Range's motion for reconsideration, and reaffirmed her assignment of the case to Judge Nalitz. Order, 1/26/15. Residents filed an emergency motion for reconsideration and clarification of the January 26, 2015 order, which Judge Emery denied. Emergency Motion, 1/29/15; Order, 1/29/15.

After a hearing and briefing, Judge Nalitz entered a decision on the merits of the challenge raised in Range's motion for reconsideration: He affirmed the December 30, 2014 order that allowed Residents to serve a subpoena on URS regarding the "production of any and all air monitoring or testing or both performed at the Day, Carter and Lowery impoundments." Order, 2/5/15. The February 5, 2015 order did not discuss privileged information under Rule 4003.5(a)(3), and it lacked any procedure for protecting purportedly privileged documents in URS' possession or balancing Range's privacy interest against Residents' asserted need for the requested discovery.

This appeal followed. Range and the trial court have complied with Pa.R.A.P. 1925, and Range presents the following questions for our consideration:

I.     Whether the lower court erred in entering an order permitting service of an overly broad subpoena that would require a party's non-testifying expert to disclose privileged material and work product (1) in violation of the work product doctrine, the attorney-client privilege, and Pennsylvania Rule of Civil Procedure 4003.5(a)(3), and (2) [Residents] have not shown exceptional circumstances warranting an exception to Rule 4003.5(a)(3).

II.    Whether these errors are immediately appealable under Pennsylvania Rule of Appellate Procedure 313.

Range's Brief at 4.

As a preliminary matter, we address Residents' contention that this appeal is untimely and, therefore, should be quashed. Residents claim that the trial court did not expressly grant Range's motion for reconsideration, but entered a stay without considering the merits of the motion for reconsideration. Residents' Brief at 22. Thus, Residents argue, this appeal lies from the December 30, 2014 order granting its motion to quash Range's objection to the subpoena, not the order from which Range appealed on February 9, 2015. *Id.* at 23. We disagree.

A court may grant a party's motion to reconsider, but only if (1) a motion to reconsider is filed within the appeal period; and (2) the court expressly grants reconsideration within the appeal period. Pa.R.A.P. 1701(b)(3). Here, Range filed a motion for reconsideration of the December 30, 2014 order on January 13, 2015, which was within the thirty-day appeal period. In response, Judge Emery entered an order staying the proceedings and assigning the case to Judge Nalitz. Order, 1/13/15.

- 6 -

However, "an order that 'all proceedings shall stay' will not suffice" as a grant of reconsideration. Pa.R.A.P. 1701, Note. Consequently, Range filed a motion to amend the January 13, 2015 stay order on January 23, 2015. Accepting Range's argument, Judge Emery vacated the January 13, 2015 stay, **expressly granted** Range's motion for reconsideration, and reaffirmed her assignment of the case to Judge Nalitz on January 26, 2015, which was still within the thirty-day appeal period. Order, 1/26/15. Judge Nalitz affirmed the December 30, 2014 order on February 5, 2015, and Range filed a notice of appeal five days later. Order, 2/5/15; Notice of Appeal, 2/10/15. Thus, this appeal is timely. *See* Pa.R.A.P. 1701(b)(3) ("Where a timely order of reconsideration is entered under this paragraph, the time for filing a notice of appeal or petition for review begins to run anew after the entry of the decision on reconsideration, whether or not that decision amounts to a reaffirmation of the prior determination of the trial court . . .").

As Judge Emery observed, Residents' counsel was "confusing a grant of motion for reconsideration [with] a reversal of Judge O'Dell Seneca's order." N.T., 1/29/15, at 7. However, a decision on a motion for reconsideration and a decision on a challenge to the order to be reconsidered are not one and the same. They are two distinct requests, each requiring its own ruling. "If a trial court fails to grant reconsideration expressly within the prescribed 30 days, it loses the power to act upon both

the petition for reconsideration and the original order." ***Gardner v. Consol. Rail Corp.***, 100 A.3d 280, 283 (Pa. Super. 2014) (quoting ***Valley Forge Center Associates v. Rib–It/K.P., Inc.***, 693 A.2d 242, 245 (Pa. Super. 1997)); Pa.R.A.P. 1701.  This principle is premised upon application of 42 Pa.C.S. § 5505, which provides that "a court upon notice to the parties may modify or rescind any order within 30 days after its entry ... if no appeal from such an order has been taken or allowed." ***Gardner***, 100 A.3d at 283. Judge Emery recognized this distinction when she advised Residents' counsel that she had granted the motion for reconsideration, but Judge Nalitz would rule on the merits of Range's challenge and "either affirm or change" the December 30, 2014 order. N.T., 1/29/15, at 4.  Judge Nalitz also recognized this distinction.  "[H]aving previously granted reconsideration of the Order of December 30, 2014," Judge Nalitz affirmed that order, thereby allowing Residents to serve a subpoena on URS.  Order 2/5/15.  Hence, we deny Residents' motion to quash this appeal.

Next, we examine our jurisdiction to entertain this appeal.  We recognize that "most discovery orders are deemed interlocutory and not immediately appealable because they do not dispose of the litigation." ***Veloric v. Doe***, 123 A.3d 781, 784 (Pa. Super. 2015) (quoting ***Dougherty v. Heller***, 97 A.3d 1257, 1261 (Pa. Super. 2014) (*en banc*) (citation omitted), *appeal granted in part*, 109 A.3d 675 (Pa. 2015)).  "However, certain discovery orders, particularly those involving ostensibly privileged

material, have been found to be immediately appealable as collateral orders pursuant to Pa.R.A.P. 313." **Veloric**, 123 A.3d at 784 (citation omitted); **see also Yocabet v. UPMC Presbyterian**, 119 A.3d 1012, 1016 n.1 (Pa. Super. 2015) ("When a party is ordered to produce materials purportedly subject to a privilege, we have jurisdiction under Pa.R.A.P. 313 . . .").

"A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313(b). According to the Pennsylvania Supreme Court, "Rule 313 must be interpreted narrowly, and the requirements for an appealable collateral order remain stringent in order to prevent undue corrosion of the final order rule." **Melvin v. Doe**, 836 A.2d 42, 47 (Pa. 2003). "Whether an order is appealable under Pa.R.A.P. 313 is a question of law. As such, our standard of review is de novo and our scope of review is plenary." **Rae v. Pennsylvania Funeral Directors Ass'n**, 977 A.2d 1121, 1126 n.8 (Pa. 2009). If the requirements of Rule 313 are not met, and in the absence of another exception to the final order rule, an appellate court lacks jurisdiction to consider an appeal of such an order. **Id.** at 1125.

Here, Range contends that the discovery order allowing Residents to serve a subpoena on URS is separable from and collateral to the main cause of action between Residents and Range for personal injury and property

damage. Range's Brief at 13. Range further claims that preventing disclosure of its purportedly privileged material "is an important privacy right deeply rooted in public policy." *Id.* at 15. Lastly, Range asserts, "the privileged nature of the documents in URS's possession will be irreparably lost if appellate review of the [discovery] Order is postponed until after final judgment." *Id.* at 16.

Upon review, we agree with Range that the challenged discovery order is appealable as a collateral order. *Accord Rhodes v. USAA Casualty Ins. Co.*, 21 A.3d 1253, 1258 (Pa. Super. 2011) ("Generally, discovery orders involving purportedly privileged material are appealable because if immediate appellate review is not granted, the disclosure of documents cannot be undone and subsequent appellate review would be rendered moot."). Thus, we now turn to the substantive issue raised by Range.

Range challenges the trial court's order permitting Residents to serve a subpoena on URS as noticed. Our standard of review in addressing the propriety of a discovery order is whether the trial court committed an abuse of discretion. *Gallo v. Conemaugh Health Sys., Inc.*, 114 A.3d 855 (Pa. Super. 2015). Whether a privilege protects a communication from disclosure is a question of law. *Saint Luke's Hosp. of Bethlehem v. Vivian*, 99 A.3d 534 (Pa. Super. 2014), *appeal denied*, 114 A.3d 417 (Pa. 2015). "This Court's standard of review over questions of law is *de novo*, and the scope of review is plenary." *Id.* at 540 (quoting *In re Thirty–*

***Third Statewide Investigating Grand Jury***, 86 A.3d 204, 215 (Pa. 2014)

(internal citations omitted)). The "party invoking a privilege must initially

set forth facts showing that the privilege has been properly invoked." ***Red***

***Vision Systems, Inc. v. National Real Estate Information Services,***

***L.P.***, 108 A.3d 54, 62 (Pa. Super. 2015). "Once the invoking party has

made the appropriate proffer, then the burden shifts to the party seeking

disclosure to set forth facts showing that disclosure should be compelled

either because the privilege has been waived or because an exception to the

privilege applies." ***Yocabet***, 119 A.3d at 1019 (citing ***Red Vision***).

Judge Nalitz found that:

> [d]espite two hearings, a brief, and a motion to reconsider, Range Resources has failed to provide to the [c]ourt any meaningful evidence that URS Corporation was retained in anticipation of litigation or in preparation for trial. The exhibits of the parties reflect that URS Corporation may have been performing services for Range Resources as early as 2011. But the record does not indicate whether URS Corporation was retained at the behest of counsel, at the behest of the Pennsylvania Department of Environmental Protection, or by Range Resources for some other purpose. Therefore, [the court found] that Range Resources has failed to demonstrate by a preponderance of the evidence that URS Corporation is an expert consultant. Accordingly, the Motion to Quash Objection was GRANTED.

Trial Court Opinion, 4/1/15, at 4.[2]

---

[2] Noticeably absent from Judge Nalitz's analysis is mention of Range's supplemental exhibit, the engagement letter. This omission and the jurist's reference to "any meaningful evidence" lead to an inference that he assigned little or no weight to the engagement letter, which was within his discretion.

Range asserted in the trial court and maintains on appeal that it "retained URS on multiple occasions for distinct projects—including the provision of services as an expert in anticipation of litigation and trial preparation. . . . Therefore, discovery of information in URS's possession must be guided by [Pa.R.C.P.] 4003.5." Range's Brief at 18 (citing **Cooper v. Schoffstall**, 905 A.2d 482, 492 (Pa. 2006)). Applying Rule 4003.5(a)(3), Range argues that Residents "are not entitled to discover any facts known or opinions held by URS in its capacity as an expert retained in anticipation of litigation." **Id.** at 19. Range further argues that Residents have failed to establish extraordinary circumstances, pursuant to Pa.R.C.P. 4003.5(a)(3), "that would exempt them from the general rule denying discovery" from a non-testifying expert such as URS. **Id.** at 22.

Residents respond that Range failed to establish that the requested material is protected. Residents' Brief at 36. In support of their position, Residents submit Range employee Pete Miller's testimony that URS conducted air monitoring at the Carter and Lowery impoundment sites "in response to complaints received by surrounding landowners." **Id.** (citing Motion to Quash Objection, 12/30/14, at Exhibit C (N.T. Miller Deposition, 8/29/14, at 463–464)). Additionally, Residents point out that, at a public hearing held before the underlying action was filed, Range's counsel informed the Cecil Township Board of Supervisors that Range paid "for a half-million dollar study using URS consultants" to conduct air studies. **Id.**

at 38 (citing Motion to Enforce Subpoena, 3/19/15, at Exhibit E (N.T., 4/21/11, at 122)). When asked about the availability of emissions tests, Range's counsel informed the supervisors as follows:

> [W]e do not have any results to share with you at this point. We have decided that we are going to do local, regional, and shale-wide evaluation. So it will ultimately be available. It does not exist today. I can check to see what the schedule is for when we're going to have it. And I'd be happy to share that with you.

N.T., 4/21/11, at 122–123. According to Residents, "Range failed to meet its burden and satisfy the Trial Court that documents in URS possession were supported by privilege because Range could not differentiate . . . where any claimed privilege began and where any claimed privilege ended." Residents' Brief at 40. Residents also insist that Range waived its assertion of a privilege by failing to raise it in response to discovery requests issued before Range filed the engagement letter. *Id.* at 45.

Discovery in civil cases extends to "any matter, not privileged, which is relevant to the subject matter involved in the pending action, . . . including the . . . content . . . of any . . . documents," subject to the provisions of Pa.R.C.P. 4003.2 through 4003.5. Pa.R.C.P. 4003.1(a). The scope of Rule 4003.1(a) includes items prepared in anticipation of litigation or trial but not core attorney work product. Pa.R.C.P. 4003.3. It also includes discovery from non-party witnesses retained as experts who are expected to testify at trial. Pa.R.C.P. 4003.5.

Upon review, we discern no basis for disturbing the trial court's conclusion that Range failed to invoke the protection of Pa.R.C.P. 4003.5(a)(3). Even if counsel for Range engaged URS in 2011 as an expert consultant in anticipation of litigation, Range admits that it also retained URS as a non-expert "to perform air monitoring at select natural gas sites" and that the scope of Residents' subpoena includes "non-privileged materials." Range's Brief at 6, 8. Moreover, the record establishes that URS performed studies for Range at various sites as early as 2011. Motion to Quash Objection, 12/30/14, at Exhibit C (N.T. Miller Deposition, 8/29/14, at 463–464). In fact, in April of 2011, Range's counsel expressed his willingness to provide the Cecil Township Board of Supervisors with emissions testing information once it was collected. N.T., 4/21/11, at 122–c123. Furthermore, we are persuaded by Residents' two-fold argument regarding the relevance of studies conducted by URS at other sites: "the Day, Carter and Lowery Impoundments were flowing their content back to the Yeager Site" and "air monitoring performed at any other site is extremely relevant regarding Range's knowledge, or lack thereof, regarding emissions from impoundments and related natural gas drilling facilities." Residents' Brief at 39. Based on the record at hand, we conclude that Range has no grounds for objecting to Residents' request for relevant information possessed by URS in its capacity as an engineering consultant that was not retained in anticipation of litigation. Pa.R.C.P. 4003.1.

In sum, we discern no error of law or abuse of the trial court's discretion in allowing Residents to serve their subpoena upon URS. Needless to say, the trial court has options for balancing Range's interest in protecting privileged information possessed by URS and Residents' interest in receiving relevant information to which they are entitled. **See Berkeyheiser v. A-Plus Investigations, Inc.**, 936 A.2d 1117, 1125 (Pa. Super. 2007) ("The trial court is responsible for 'overseeing discovery between the parties and therefore it is within that court's discretion to determine the appropriate measure necessary to insure adequate and prompt discovering of matters allowed by the Rules of Civil Procedure.'" **PECO Energy Co. v. Insurance Co. of North America**, 852 A.2d 1230, 1233 (Pa. Super. 2004)).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/29/2016