J-A07014-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JOE DANIEL MITCHEM AND MARION L. MITCHEM, HUSBAND AND WIFE, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| PATRICIA ANESETTI, COLDWELL BANKER REAL ESTATE SERVICES, INC., SUZANNE LORENZI SALA, NORTHWOOD SETTLEMENT SERVICES, LLC, | |
| Appellee | No. 556 WDA 2015 |

Appeal from the Order March 3, 2015
In the Court of Common Pleas of Washington County
Civil Division at No(s): 2011-4784

BEFORE: BOWES, MUNDY AND JENKINS, JJ.

JUDGMENT ORDER BY BOWES, J.:          **FILED FEBRUARY 26, 2016**

Joe Daniel and Marion L. Mitchem appeal from a March 3, 2015 order denying their motion for reconsideration of a September 29, 2014 order that, *inter alia*, denied their motion to compel a witness to answer certain questions posed during his deposition. We quash this appeal as untimely filed.

Attorney George F. Young, III, on behalf of defendant Northwood Settlement Services, LLC ("Northwood"), was deposed for purposes of this lawsuit, and refused to answer certain questions by invoking the attorney-client privilege or the work-product privilege. Appellants presented a motion

to compel Mr. Young to answer those questions, which was denied on September 29, 2014. Notice of that order was sent on September 30, 2014. Over three months later, on January 8, 2015, Appellants filed a motion for reconsideration of the September 29, 2014 order. Said motion was denied on March 3, 2015. This appeal was filed on March 31, 2015. Appellee Northwood avers that the appeal should be quashed on two grounds: 1) the appeal was filed from an interlocutory discovery order; and 2) it was untimely.

We quash this appeal because it was not timely filed. Appellants claim that September 26, 2014 order was appealable under Pa.R.A.P. 313 as a collateral order involving resolution of the invocation of privileges. We have specifically ruled that a party must appeal from a collateral order within thirty days of its entry. *McGrogan v. First Commonwealth Bank*, 74 A.3d 1063, 1078 (Pa.Super. 2013). "[A] motion for reconsideration, unless expressly granted within the thirty-day appeal period, does not toll the time period for taking an appeal from a final, appealable order." *Gardner v. Consol. Rail Corp.*, 100 A.3d 280, 283 (Pa.Super. 2014). Appellants' motion for reconsideration, which was not granted, did not toll the time period for taking an appeal from the September 26, 2014 order, and their March 31, 2015 appeal is untimely.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>2/26/2016</u>