J-A10045-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

HANNAH O. EDWARD

v.

OYEKUNLE S. OYELAKIN

Appellant

:
:
:
:
:
:
:
:
:
:
:
:

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 2144 EDA 2023

Appeal from the Order Entered July 24, 2023
In the Court of Common Pleas of Philadelphia County Domestic Relations
at No(s):  20-05641

BEFORE:   PANELLA, P.J.E., BECK, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED DECEMBER 4, 2024**

Oyekunle S. Oyelakin ("Father") appeals, *pro se*, from the order of the Court of Common Pleas of Philadelphia County, Domestic Relations Division ("trial court") adjudicating him the biological and legal father of O.S.O. ("Child") and lifting a hold on distribution of Father's child support payments to Olusola Hannah Edward ("Mother").[1]  After careful review, we affirm.

Child was born in 2010 in Norristown, Pennsylvania, to Mother and Father, who never married.  Mother and Child currently live in Ireland, while Father resides in Philadelphia.  On March 11, 2020, Mother filed in the trial court a complaint for support against Father pursuant to the Uniform

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] While Mother is identified as Hannah O. Edward on the trial court docket, she listed her name as Olusola Hannah Edward on the child support complaint and in her other filings in this case.

Interstate Family Support Act, 23 Pa.C.S. §§ 7101-7903. Child Support Complaint, 3/11/20; *see* 23 Pa.C.S. §§ 7101.1, 7105, 77A05 (providing that the Act applies to requests for child support brought by a citizen of a nation state that is a party to the Hague Convention on the International Recovery of Child Support and Other Forms of Family Maintenance). An interim support order was established requiring Father to pay $1,156.76 monthly in current support plus $115.67 monthly in arrears, effective from the date of filing of the complaint. Order, 9/11/20. On May 12, 2021, a proposed support order was issued dismissing the child support complaint and vacating the earlier support order based upon lack of prosecution; Mother filed exceptions, and the support obligation was ultimately reinstated at $1,376.13 plus $100 in arrears per month, in an interim proposed support order filed on January 11, 2022. Order, 1/11/22; Order, 10/19/21; Mother's Support Exceptions, 6/1/21; Order, 5/12/21.

On January 31, 2022, Father filed exceptions to the January 11, 2022 interim order. Father's Support Exceptions, 1/31/22. Father subsequently also filed a motion to establish paternity of Child and preliminary objections to Mother's child support complaint. Preliminary Objections, 8/25/22; Petition to Determine/Establish Paternity and for Genetic Testing, 7/25/22.

On May 17, 2022, parallel with the instant proceedings, Father filed a petition to amend Child's birth certificate, which was docketed at No. BC2205002 ("Birth Certificate Matter"). Petition to Amend Birth Certificate,

No. BC2205002, 5/17/22.[2]  The petition alleged that Mother "[k]nowingly and willfully . . . listed a fake name [on Child's birth certificate] of 'Olusola Hannah Edward' while [Mother's] legal name at birth is 'Olusola Hannah Ajayi.'"  *Id.* at 1.  After a September 1, 2022 evidentiary hearing at which Father and Mother testified, the Honorable Leanne Litwin entered an order dismissing the petition on the basis of Mother's testimony that her name was Olusola Hannah Edward and the fact that her passport listed the same name.  Order, No. BC2205002, 9/1/22; N.T., 9/1/22, at 18-19.  Father filed a petition for reconsideration, which the court denied.  Motion for Reconsideration, No. BC2205002, 9/20/23; Order, No. BC2205002, 9/23/22.  Father did not file a notice of appeal from the dismissal of his petition to amend Child's birth certificate.

On November 15, 2022, Judge Litwin[3] overruled Father's preliminary objections, concluding, in part, that further litigation with respect to Mother's alleged misrepresentations concerning her legal name was precluded based upon the doctrines of collateral estoppel and *res judicata* as the issue was previously resolved in the Birth Certificate Matter.  Order, 11/15/22; *see also* Trial Court Opinion, 10/16/23, at 2; N.T, 11/15/22, 8, 25.  Judge Litwin's

---

[2] The record for the Birth Certificate Matter is included with the certified record for this appeal.

[3] In addition to the Birth Certificate Matter, Judge Litwin also presided over the November 15, 2022 hearing and ruled on Father's preliminary objections in the instant matter.

November 15, 2022 order also referred Father and Child for genetic testing. Order, 11/15/22.

On March 3, 2023, the Honorable Holly J. Ford of the trial court entered an order denying Father's exceptions to the January 11, 2022 proposed support order. Order, 3/3/23. To the extent Father's exceptions relied on allegations regarding Mother's use of false names, the trial court concluded that any consideration of this issue was barred from relitigation due to Judge Litwin's ruling in the Birth Certificate Matter. N.T., 3/3/23, at 7, 11. The March 3, 2023 order also placed a hold on all child support payments Father was making to Mother until paternity of Child was resolved. Order, 3/3/23.[4]

Following the return of paternity test results indicating Father's parentage of Child, Judge Ford entered the order currently under review on July 24, 2023. Order, 7/24/23; DNA Test Report, 3/31/23 (establishing Father's probability of paternity of Child at 99.99999999%). This order adjudicated Father the biological and legal father of Child; directed the Pennsylvania Department of Health to amend Child's birth certificate to reflect that Father is Child's father; lifted the March 3, 2023 distribution hold on child support payments Father had already made; and directed that all future

_____

[4] Father filed an appeal from the March 3, 2023 order, which this Court quashed as an appeal from a non-final order because Father's paternity had not yet been finally resolved. Superior Court Order, No. 858 EDA 2023, 5/8/23.

- 4 -

support payments be sent to Mother. Order, 7/24/23. Father filed a timely notice of appeal from this order. Notice of Appeal, 8/18/23.[5]

Father raises the following issues on appeal:

[1.] Did Judge Litwin commit an abuse of discretion when she misused the doctrine of technical res judicata and collateral estoppel despite material acts of deceit and fraud on the [c]ourt by [Mother]?

[2.] Did Judge Litwin commit due process errors that prevented [Father] from fully and fairly presenting his case?

Father's Brief at 4. Our review of support orders is limited to determining whether the trial court abused its discretion and whether there is competent evidence to support the order. *M.E.W. v. W.L.W.*, 240 A.3d 626, 634 (Pa. Super. 2020); *Ileiwat v. Labadi*, 233 A.3d 853, 859-60 (Pa. Super. 2020).

Both of Father's appellate issues, which we address together, concern the trial court's application of *res judicata* and collateral estoppel at the hearing on his preliminary objections to bar him from relitigating the issue of whether Mother used the false identity of Olusola Hannah Edward in Child's birth certificate, the child support complaint, and other documents. We note that while Father refers to both technical *res judicata* and collateral estoppel in his brief, the latter doctrine, often referred to as issue preclusion, is most

---

[5] In response to a trial court order, Father filed a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, raising nineteen alleged errors. *See* Rule 1925(b) Statement, 9/12/23; Order, 8/23/23. Judge Ford and Judge Litwin each filed opinions responsive to Father's issues concerning their respective rulings on his exceptions and preliminary objections. *See* Trial Court Opinion, 10/17/23 (Ford, J.); Trial Court Opinion, 10/16/23 (Litwin, J.).

apt in the present case. *See In re Coatesville Area School District*, 244 A.3d 373, 378-79 n.5 (Pa. 2021) (stating that *res judicata* is an "umbrella term encompassing both claim preclusion," or technical *res judicata*, and issue preclusion, or collateral estoppel).

This Court has stated that collateral estoppel "operates to prevent a question of law or issue of fact which has once been litigated and fully determined in a court of competent jurisdiction." *Gross o/b/o I.M. v. Mintz*, 321 A.3d 1005, 1011 (Pa. Super. 2024) (quoting *Moyer v. Shaffer*, 305 A.3d 1064, 1067 (Pa. Super. 2023)) (emphasis omitted). Collateral estoppel will apply only where (1) the issue is the same as in the prior litigation; (2) there was a final judgment on the merits in the earlier case; (3) the party against whom the doctrine is asserted was a party or in privity with a party to the prior action; (4) the party against whom the doctrine is asserted, or the party to which it was in privity, had a full and fair opportunity to litigate the issue in the prior proceeding; and (5) resolution of the issue in the prior proceeding was essential to the judgment. *Coatesville Area School District*, 244 A.3d at 379; *Gross*, 321 A.3d at 1011. Application of the collateral estoppel doctrine is a question of law as to which our standard of review is *de novo* and our scope of review is plenary. *Gross*, 321 A.3d at 1010; *Moyer*, 305 A.3d at 1067.

There is no dispute that four of the five collateral estoppel elements are satisfied in this case. Father was a party to the prior action as he filed the

petition to amend Child's birth certificate.[6] The question of whether Mother was using a false identity was essential to the earlier judgment, and indeed the only issue raised in Father's petition. Further, as discussed above, Judge Litwin entered a final order denying Father's petition to amend Child's birth certificate on the merits, and Father did not file a notice of appeal therefrom. *See* Order, No. BC2205002, 9/1/22; *Gardner v. Consolidated Rail Corp.*, 100 A.3d 280, 282-83 (Pa. Super. 2014) (failure to file a timely appeal from a final order results in that order having preclusive effect in future litigation).

Additionally, the issue Father raised in the Birth Certificate Matter is the same issue he raised in his preliminary objections and exceptions in the instant proceeding. While Father sought different relief in the prior proceeding—namely to amend Mother's name as listed on Child's birth certificate—and focused his claims on the alleged misstatement in the birth certificate itself, Father's factual arguments and theory were identical to what he sought to raise on preliminary objections and in his exceptions in the instant matter, as well as what he argues in this appeal. Father has consistently alleged that Olusola Hannah Edward, Mother's listed name on Child's birth certificate, the child support complaint, and her Irish passport, is a false identity and that she adopted the fake surname of Edward and a made-

---

[6] While the petition to amend Child's birth certificate was filed after Mother's child support complaint, the petition was both heard and resolved before Father's preliminary objections and exceptions. Therefore, the Birth Certificate Matter is properly considered a "prior action" for collateral estoppel purposes.

up birthdate sometime after she left her native Nigeria and before Child's birth. *See* Father's Brief at 21-31; Petition to Amend Birth Certificate, No. BC2205002, 5/17/22, ¶4; Father's Statement of Facts, No. BC2205002, 5/24/22, at 1-3, Exhibits A-F; Preliminary Objections, 8/25/22, ¶¶2-3, 6-9, Exhibits G-R.

We are left, then, to address the final collateral estoppel factor: whether Father was given a full and fair opportunity to litigate this issue in the Birth Certificate Matter. Father asserts that he was denied such an opportunity at the September 1, 2022 hearing before Judge Litwin because he "is unlearned in courtroom procedure and could not avail himself of an attorney." Father's Brief at 18. Father specifically contends that Judge Litwin refused his request to call as a witness Mother's brother, who had declared in an affidavit that her name listed on Child's birth certificate was incorrect, and refused to grant a continuance to allow Father to appear with counsel and present documents he referenced at the September 1, 2022 hearing. *Id.* at 11, 18, 35, 38, 40; *see also* Father's Statement of Facts, No. BC2205002, 5/24/22, Exhibit C.

Upon review, we conclude that Father was afforded a full and fair opportunity to present his case about Mother's false identity at the September 1, 2022 hearing. The notes of testimony from that hearing reflect that Father and Mother gave sworn testimony regarding Father's allegations and that Father was given the opportunity to present documents to Judge Litwin that he claimed to support his assertions. N.T., 9/1/22, at 4-18. Father's claim that he requested a continuance to allow him to present additional evidence

- 8 -

is belied by the record, as he only suggested to the court "if you want to adjourn this, I can bring clean copies" of documents he had obtained from an Irish court; the court did not rule on his request but simply determined that the proffered documents reflecting that Irish authorities would investigate Father's claims did not support his allegations regarding Mother's false identity. *Id.* at 17-18. Further, Father never indicated at the September 1, 2022 hearing that he was hampered from presenting his case because he was without the benefit of counsel or that counsel would appear if a continuance was granted. Additionally, the record does not show that Father attempted to call Mother's brother as a witness and was refused but only that he mentioned in passing that her "brother said [Father] should call if we need . . . him as a witness." *Id.* at 14.

While Father represented himself at the September 1, 2022 hearing on the petition to amend Child's birth certificate, our caselaw is clear that *pro se* status confers no special benefit upon a litigant. **Smithson v. Columbia Gas of PA/NiSource**, 264 A.3d 755, 760 (Pa. Super. 2021); **Norman for Estate of Shearlds v. Temple University Health System**, 208 A.3d 1115, 1118 (Pa. Super. 2019). "To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." **Norman**, 208 A.3d at 1118-19 (citation omitted); **see also Smithson**, 264 A.3d at 761. Further, it does not appear that Father was without means to hire an attorney for the September 1, 2022 hearing as he appeared with counsel at the prior

- 9 -

December 28, 2021 support hearing and the subsequent November 15, 2022 hearing on his preliminary objections. **See** N.T., 11/15/22, at 5; N.T., 12/28/21, at 5.

Therefore, the record supports the trial court's finding that the collateral estoppel factors were satisfied in this case regarding the factual issue of Mother's use of an alleged false identity. We thus conclude that the trial court did not err in ruling that Father was precluded from relitigating this issue in his preliminary objections to the child support complaint and exceptions to the interim support order.

Father also argues that his due process rights were infringed when Judge Litwin barred him from presenting witnesses at the November 15, 2022 preliminary objections hearing and thus not giving him the opportunity to present his case regarding Mother's identity at that proceeding. However, this argument ignores the fact that it was exactly the purpose of the collateral estoppel doctrine to prevent Father from presenting evidence and making argument on the already litigated issue to "avoid[] the cost and vexation of repetitive litigation, conserv[e] judicial resources, [] prevent[] inconsistent decisions, [and] encourage[] reliance on adjudication." **Coatesville Area School District**, 244 A.3d at 379 (citation and quotation marks omitted). Therefore, no due process violation occurred.

Father finally argues that Mother relied on a "fraudulent Acknowledgement of Paternity (A.O.P.) form," which was completed on or about the date of Child's birth and bears Father's and Mother's signature to

obtain child support in the instant matter. Appellant's Brief at 13, 17, 29, 31; *see* Preliminary Objections, 8/25/22, Exhibit M. Unlike Mother's alleged use of a false name on the birth certificate and child support complaint, this issue was addressed at the hearing of Father's preliminary objections, and Mother's testimony was taken on whether the signatures on the form were valid. N.T., 11/15/22, at 9-10, 13, 15-24. After a sidebar with counsel,[7] Judge Litwin resolved the matter with the consent of the parties by ordering Child and Father to submit to genetic testing to establish Father's paternity. *Id.* at 24-25; Order, 11/15/22. Because Father did not object to this result, and in fact indicated his agreement thereto, he cannot now complain that the trial court improperly relied on the Acknowledgement of Paternity form. *See* Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."); *H.Z. v. M.B.*, 204 A.3d 419, 430 (Pa. Super. 2019).

Because none of Father's appellate issues have merit, we affirm the trial court's July 24, 2023 order adjudicating him to be the father of Child and directing that payments for Child's support be paid to Mother.

Order affirmed.

---

[7] The Philadelphia District Attorney's Office represents Mother in this matter. *See* 23 Pa.C.S. § 77A05(b)(2) (setting forth circumstances when a foreign obligee is entitled to free legal assistance in Pennsylvania courts).

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary


Date:  12/4/2024