J-A05031-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JASON LEE WILSON | |
| Appellant | No. 970 WDA 2016 |

Appeal from the Order Entered May 24, 2016
In the Court of Common Pleas of Warren County
Criminal Division at No(s): CP-62-CR-0000359-2008
CP-62-CR-0000414-2008

BEFORE: BENDER, P.J.E., SHOGAN, J., and MOULTON, J.

MEMORANDUM BY MOULTON, J.: **FILED JUNE 29, 2017**

Jason Lee Wilson appeals from the May 24, 2016[1] order entered in the Warren County Court of Common Pleas. Because Wilson filed an untimely notice of appeal, we quash.

This matter arises from Wilson's challenge to the legality of his aggregate sentence of 147 to 294 months' incarceration, imposed on November 21, 2008, following his guilty plea to aggravated assault, criminal trespass, and escape.[2] On October 16, 2009, this Court affirmed Wilson's

_____

[1] Wilson purports to appeal from the court's order entered June 2, 2016 denying his motion for reconsideration of the court's May 24, 2016 order. However, as discussed _infra_, the appeal properly lies from the May 24, 2016 order.

[2] 18 Pa.C.S. §§ 2702(a)(1), 3503(a)(1)(ii), and 5121(a), respectively.

judgment of sentence. ***See Commonwealth v. Wilson***, 987 A.2d 828 (Pa.Super. 2009) (unpublished mem.). Wilson subsequently filed a petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, which the PCRA court denied on October 21, 2010. On September 8, 2011, this Court reversed the PCRA court's order. On remand, the PCRA court reinstated Wilson's right to appeal *nunc pro tunc*. Wilson then appealed his judgment of sentence, which this Court affirmed on October 31, 2012.

On January 9, 2013, Wilson filed another PCRA petition, which the PCRA court denied. On appeal, this Court concluded the PCRA petition was his first because of the restoration of his appellate rights *nunc pro tunc*. On October 25, 2013, this Court vacated the PCRA court's order and remanded for a hearing pursuant to ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998). After the appointment of counsel, Wilson filed an amended PCRA petition, which the PCRA court denied after an evidentiary hearing. On January 9, 2015, this Court affirmed the PCRA court's order and granted Wilson's counsel's petition to withdraw.

In a *pro se* letter addressed to the trial court, dated February 22, 2016, Wilson asked the court to correct his sentence due to alleged errors in his presentence investigation report that resulted in an incorrect calculation of his prior record score. On March 17, 2016, Wilson filed a *pro se* petition alleging the same. Specifically, Wilson claimed that he should have been sentenced pursuant to a prior record score of 3, rather than as a repeat

felon. Wilson asked the trial court to vacate his previous sentence and resentence him accordingly.[3]

On March 23, 2016, the trial court entered an order granting Wilson's petition for resentencing, finding that his prior sentence had been based on an incorrect prior record score and scheduling a sentencing hearing for May 6, 2016. The order did not state that Wilson's November 21, 2008 sentence was vacated. On April 7, 2016, the court rescheduled the sentencing hearing for May 19, 2016 and appointed counsel.

On May 3, 2016, the Commonwealth filed a motion to rescind the March 23rd order, contending that Wilson was not entitled to resentencing because his sentence was based upon the correct prior record score. The court scheduled argument on the Commonwealth's motion for May 18, 2016.

---

[3] The trial court should have treated Wilson's March 17, 2016 petition for resentencing as a PCRA petition. "In **Commonwealth v. Fowler,** 930 A.2d 586 (Pa.Super. 2007), [this Court] reiterated that all motions filed after a judgment of sentence is final are to be construed as PCRA petitions." **Commonwealth v. Taylor**, 65 A.3d 462, 466 (Pa.Super. 2013). In **Commonwealth v. Evans,** 866 A.2d 442 (Pa.Super. 2005) and **Commonwealth v. Guthrie**, 749 A.2d 502 (Pa.Super. 2000), this Court treated the appellants' post-sentence motions as PCRA petitions, where, as here, appellants' claims were challenges to the discretionary aspects of sentence couched as illegal sentencing issues. **See Taylor**, 65 A.3d at 467. Had the trial court properly treated Wilson's petition as a PCRA petition, it would have needed to confront the issue of the petition's timeliness. **See** 42 Pa.C.S. §§ 9545(b)(1), (i)-(iii).

At the May 18, 2016 hearing, the Commonwealth presented evidence regarding the prior record score calculation. Further, counsel and the trial court discussed whether the March 23, 2016 order vacated the prior sentence, with the trial court noting its belief that a prior sentence is not vacated until the moment of resentencing. N.T., 5/18/16, at 33.

On May 19, 2016, the trial court held the resentencing hearing, where it stated it was "not going to vacate the sentence." N.T., 5/19/16, at 22. Following the hearing, on May 24, 2016,[4] the court entered an order, finding

> that the defect in the original presentence investigative report classified one of [Wilson]'s prior convictions as a Felony I, rather than a Felony II, but also the Court finds that said error had no effect on the prior record score. The designation of Felony I did not enter into the Court's consideration of the sentence. Instead the Court based the sentence on the prior record score; the types of crimes committed, but not the classification; and on the very severe nature of the current crimes which were before the Court for sentencing. And therefore, the prior sentence is not vacated and this Court's order of September 21, 2008 as amended on November 21, 2008 remains in effect as first imposed.

Order, 5/24/16. On May 31, 2016, Wilson filed a motion for reconsideration of the order, requesting that the court vacate the sentence imposed on November 21, 2008 and May 24, 2016. Wilson also requested a resentencing hearing, so that he could address the court and provide additional information regarding events that had occurred since 2008. On

---

[4] While the order was dated May 19, 2016, it was not entered until May 24, 2016.

June 2, 2016, the court denied the motion. On June 28, 2016, Wilson filed a notice of appeal.

Wilson raises the following issues on appeal:

1. Did the Trial Court err by failing to vacate the sentence of November 21, 2008, as amended, when it was indicated in the Order dated March 18, 2016, scheduling the resentencing, that the sentence of November 21, 2008, as amended, was based on an incorrect prior record score?

2. Did the Trial Court err by failing to vacate the sentence of November 21, 2008, as amended, when it was determined that the Presentence Investigation Report that the Court reviewed and referred to for sentencing was inaccurate?

3. Did the Trial Court err by failing to provide Defendant an opportunity to make comments regarding the sentence prior to imposition of sentence on May 19, 2016, thus denying his right of allocution?

4. Did the Trial Court err by failing to allow Defendant an opportunity to provide the Court with additional information of events that have occurred since the previous sentencing hearing on November 21, 2008?

Wilson's Br. at 7 (suggested answers omitted).

Before we reach the merits of Wilson's appeal, we must determine whether Wilson's appeal was timely.

Under Pennsylvania Rule of Appellate Procedure 903(a), a timely notice of appeal must be filed within 30 days after entry of the order from which the appeal is taken. Wilson purports to appeal from the court's June 2, 2016 order denying his motion for reconsideration of its May 24, 2016 order. Wilson filed his notice of appeal on June 28, 2016.

Wilson argues that the court's March 23, 2016 order, which initially granted resentencing and scheduled a hearing, also vacated his prior judgment of sentence. If the March 23rd order indeed vacated Wilson's original sentence, then Wilson's appeal would be timely because the court's May 24th order would be a judgment of sentence and Wilson's motion for reconsideration would be a post-sentence motion. Wilson would have had 30 days from the court's denial of his post-sentence motion to file his notice of appeal. *See* Pa.R.Cr.P. 720(A)(2)(a). If, however, the March 23rd order did not vacate Wilson's original sentence, then Wilson's motion for reconsideration did not toll the 30-day period for filing a timely notice of appeal, which would have begun to run on May 24. *See Gardner v. Consol. Rail Corp.*, 100 A.3d 280, 283 (Pa.Super. 2014) ("[I]t is well-settled that a motion for reconsideration, unless expressly granted within the thirty-day appeal period, does not toll the time period for taking an appeal from a final, appealable order.").

The March 23 order did not state that Wilson's sentence was vacated, and the record reveals that the trial court did not intend to vacate Wilson's sentence. Further, on appeal, Wilson does not cite to authority obligating the trial court to vacate his sentence prior to resentencing. Accordingly, we

conclude that the May 24th order was not a judgment of sentence.[5]  Rather, it was a final, appealable order addressing Wilson's petition for resentencing, from which he had 30 days to appeal.  Therefore, because Wilson had 30 days to appeal from the May 24, 2016 order, and he failed to do so, we are constrained to quash the instant appeal.

Appeal quashed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/29/2017

---

[5] The trial court concluded, and both parties agree, that although the presentence investigation report incorrectly classified one of Wilson's prior convictions, this did not affect Wilson's prior record score for sentencing purposes.  As noted above, the trial court further explained that the designation of the prior conviction as "Felony I [as opposed to Felony II] did not enter into the Court's consideration of sentence."  Order, 5/24/16.  Nothing in the record causes us to doubt this assertion.