J-A15039-17
J-A15040-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| HARRY J. LAFFERTY, MICHAEL D. KIRN, ROBERT T. KIRN, JOHN J. ROEDELL, JOHN M. FERRIS, AND ROBERT F. FERRIS | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| THOMAS D. FERRIS, | |
| Appellant | No. 1131 MDA 2016 |

Appeal from the Order entered June 27, 2016
in the Court of Common Pleas of Susquehanna County,
Civil Division, No(s): 2008-01941

| | |
|---|---|
| HARRY J. LAFFERTY, MICHAEL D. KIRN, ROBERT T. KIRN, JOHN J. ROEDELL, JOHN M. FERRIS, AND ROBERT F. FERRIS | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| THOMAS D. FERRIS, | |
| Appellant | No. 1619 MDA 2016 |

Appeal from the Order entered September 16, 2016
in the Court of Common Pleas of Susquehanna County,
Civil Division, No(s): 2008-01941

BEFORE: MOULTON, SOLANO and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:          **FILED SEPTEMBER 21, 2017**

Thomas D. Ferris ("Ferris") appeals from the Orders denying his Post-Trial Motion, and granting the Motion to Enforce filed by Harry J. Lafferty ("Lafferty"), Michael D. Kirn, Robert T. Kirn, John J. Roedell, John M. Ferris, and Robert F. Ferris ("R. Ferris") (collectively, "Plaintiffs"). We affirm the

trial court's June 27, 2016 Order, and vacate the trial court's subsequent Orders of August 23, 2016 and September 16, 2016.[1]

Briefly, in August 1998, Ferris and Plaintiffs created a limited liability company known as Facowee Acres, LLC ("Facowee Acres").[2] In October 1998, Ferris and his brother, R. Ferris, purchased a 100-acre parcel in Susquehanna County, Pennsylvania ("the Property"), to be used as a hunting lodge for members of Facowee Acres (the Plaintiffs and Ferris, hereinafter collectively referred to as "the members"). Ferris and his brother, R. Ferris, executed a mortgage on the Property. Each of the members of Facowee Acres orally agreed to pay, over time, the mortgage and other related costs for the Property. Upon payment in full by the members, R. Ferris and Ferris would transfer the Property to the members, who then would transfer the Property to Facowee Acres.

---

[1] Ferris appeals from the June 27, 2016 Order of the trial court, which denied his Post-Trial Motion (docketed at No. 1131 MDA 2016), and the trial court's August 23, 2016 and September 16, 2016 Orders (docketed at 1619 MDA 2016), which modified the trial court's January 11, 2016 verdict/Order, and granted Plaintiffs' Motion to Enforce. We have combined the appeals for ease of disposition. As we will discuss *infra*, although no judgment has been entered, we consider this an appeal of the trial court's June 27, 2016 Order, and the matter properly before us for disposition.

[2] Facowee Acres was named as a plaintiff in the Second Amended Complaint, but no attorney entered an appearance on its behalf. In their Response to Ferris's February 16, 2010 Rule to Show Cause, Plaintiffs denied that Facowee Acres is a plaintiff in these proceedings. Facowee Acres is not identified as a plaintiff in subsequent filings.

In addition, in 1999, Ferris purchased, in his name, a 4.4-acre parcel adjacent to the Property ("the Adjacent Property"). The members agreed that the Adjacent Property would be added to the Property, and that the members would pay for the Adjacent Property in the same manner in which they were paying for the Property. Ferris subsequently transferred title to the Adjacent Property to himself and R. Ferris.

Over time, payments made by members were deposited into a bank account owned by R. Ferris. Expenses for the Property and the Adjacent Property, including real estate taxes and maintenance expenses, were paid from that bank account. All of the members, except Ferris, paid their respective shares of the mortgage and related expenses for the Property and the Adjacent Property. Throughout this time period, the members used the Property and the Adjacent Property for hunting. Improvements also were made to the Property.

In 2007, Ferris told the members that he wished to sell back his interest in Facowee Acres. However, when members asked Ferris to convey the Property and the Adjacent Property in accordance with their oral agreement, he refused.

Subsequently, without the knowledge of the other members, Ferris and R. Ferris used the Property and the Adjacent Property as collateral for a $125,000 equity line of credit, used solely for their own benefit. In August 2008, R. Ferris and Ferris executed a natural gas lease with Chesapeake

Appalachia, LLC ("Chesapeake") for the Property and Adjacent Property, for an up-front payment of $28,500.[3]

In December 2008, Plaintiffs filed the instant equity action against Ferris. Ferris filed a counterclaim, seeking partition of the Property and Adjacent Property. On January 11, 2016, following a non-jury trial, the trial court entered an Opinion and Order determining that an enforceable agreement existed between Ferris and the Plaintiffs. In accordance with this oral agreement, the trial court ordered Ferris and R. Ferris to execute a special warranty deed conveying title to the Property and the Adjacent Property to Plaintiffs and Ferris, in their respective proportionate shares. The trial court further dismissed Ferris's counter-claim.[4]

Ferris filed a Post-Trial Motion for a new trial on January 26, 2016. On May 31, 2016, Plaintiffs filed a Praecipe to enter judgment. However, no judgment was entered. On June 6, 2016, Ferris filed a Praecipe/Application to amend the trial court's Order to include determination of finality. On June 24, 2016, Ferris filed a Notice of Appeal of the trial court's May 31, 2016 "order," although no such order was entered. This Court docketed the

---

[3] The trial court directed that Ferris and R. Ferris deposit the Chesapeake funds with the court.

[4] We also adopt, as though fully restated herein, the trial court's comprehensive summary of the factual and procedural history underlying the instant appeal. **See** Trial Court Opinion, 1/11/16, at 2-27.

- 4 -

appeal at No. 1026 MDA 2016. By an Order entered on August 17, 2016, this Court quashed the appeal.[5]

On June 27, 2016, the trial court entered an Order denying Ferris's post-trial Motions. On July 13, 2016, Ferris filed a Notice of Appeal of the June 27, 2016 Order, which this Court docketed at No. 1131 MDA 2016. On August 17, 2016, this Court entered an Order directing the trial court to enter judgment within 10 days. No judgment appears on the docket.

On August 18, 2016, while Ferris's appeal at No. 1131 MDA 2016 was pending, Plaintiffs filed a Motion to Enforce the trial court's January 11, 2016 Order. On August 23, 2016, the trial court entered an Order both granting Plaintiff's Motion to Enforce, and issuing a Rule to Show Cause why Plaintiffs' Motion should not be granted. The trial court subsequently entertained oral argument on Plaintiffs' Motion to Enforce. On September 16, 2016, the trial court again entered an Order granting Plaintiffs' Motion to Enforce. The trial court's Order also modified its January 7, 2016 verdict and Order to allow for an alternative remedy *i.e.*, the execution of a general warranty deed transferring title of the Property and Adjacent Property to Facowee Acres. Ferris filed a second Notice of Appeal challenging the trial court's September 16, 2016 Order. That appeal is docketed at No. 1619 MDA 2016.

In his appeals, Ferris presents the following claims for our review:[6]

---

[5] This Court stated that Ferris could "raise any and all properly preserved issues that he intended to raise at No. 1026 MDA 2016" in his subsequent

1.   Whether failure to include numerous indispensable parties in the action involving the adjudication of the non-parties' real estate and royalty rights renders the trial court's Order null and void such that there was a denial of due process of law[?]

2.   Does estoppel by [d]eed, equitable estoppel and the statute of frauds bar a cause of action for reformation of deed based on an alleged oral agreement regarding the transfer of interests in land when a recorded deed, mortgages, timber and gas contracts all consistently affirm title to the record owners, who own it with joint right of survivorship[?]

3.   Whether the [t]rial [c]ourt erred as a matter of law and committed a gross abuse of discretion when it—without lawful authority or jurisdiction to do so—first considered an untimely Motion for Reconsideration filed by [Plaintiffs] and then substantively modified/amended, by an undated Order of Court entered on August 23, 2016[,] and an Order dated September 16, 2016, its earlier, final Order … filed on January 11, 2016?

4. Under Pennsylvania Law, can a judge sitting in an equal common pleas court violate a litigant's due process rights and violate the coordinate jurisdiction doctrine, and [the] law of the case doctrine, by preventing and restricting the entire presentation of the case [for Ferris's counterclaim,] when it only allowed 1 hour for [Ferris's] entire case[,] but allowed 8 days for [Plaintiffs' case?]

5.   Whether the [t]rial [c]ourt erred when it refused to allow more than 1 hour of testimony and barred impeachment statements made in a deposition[?]

Brief of Appellant (No. 1131 MDA 2016) at 7-9; Appellant's Brief (No. 1619 MDA 2016) at 4-5.

---

appeal, filed at No. 1131 MDA 2016.

[6] We have combined for disposition Ferris's issues set forth at No. 1131 MDA 2016 (appeal from the trial court's June 27, 2016 Order denying Ferris's Post-Trial Motion) and No. 1619 MDA 2016 (appeal from the August 23, 2016 and September 16, 2016 Orders granting Plaintiffs' Motion to Enforce).

"The scope of review of a final [order] in equity is limited and will not be disturbed unless it is unsupported by the evidence or demonstrably capricious." *Sack v. Feinman*, 413 A.2d 1059, 1066 (Pa. 1980); *accord Nicholson v. Johnston*, 855 A.2d 97, 100 (Pa. Super. 2004).

> Our standard of review following a non-jury trial is as follows:
>
> Upon appeal of a non-jury trial verdict, we consider the evidence in a light most favorable to the verdict winner and will reverse the trial court only if its findings of fact lack the support of competent evidence or its findings are premised on an error of law.
>
> When this Court reviews the findings of the trial judge, the evidence is viewed in the light most favorable to the victorious party below and all evidence and proper inferences favorable to that party must be taken as true and all unfavorable inferences rejected. The court's findings are especially binding on appeal, where they are based upon the credibility of the witnesses, unless it appears that the court abused its discretion or that the court's findings lack evidentiary support or that the court capriciously disbelieved the evidence.

*Nicholas v. Hofmann*, 158 A.3d 675, 688 (Pa. Super. 2017) (citation and quoted citation omitted). "The trial court's conclusions of law on appeal originating from a non-jury trial are not binding on an appellate court because it is the appellate court's duty to determine if the trial court correctly applied the law to the facts of the case." *Richards v. Ameriprise Fin., Inc.*, 152 A.3d 1027, 1034 (Pa. Super. 2016) (brackets and citation omitted). Where the issue concerns a question of law, our scope of review is plenary. *Id.*

In his first issue, Ferris argues that the trial court's Orders must be vacated based upon Plaintiffs' failure to join an indispensable party. Brief of Appellant (No. 1131 MDA 2016) at 20. Specifically, Ferris claims that Plaintiffs did not name Facowee Acres as a party, "despite the fact that all property under dispute is[,] as alleged by Plaintiffs[,] owned by [] Facowee Acres[.]" *Id.* Ferris contends that, according to the testimony of R. Ferris, "there was an agreement that the real properties that are the subject of this lawsuit should have been conveyed to Facowee Acres, not the purported members of [Facowee Acres]." *Id.* at 22. According to Ferris, failure to join Facowee Acres as an indispensable party goes to the jurisdiction of the trial court, and an order rendered in the absence of an indispensable party is null and void. *Id.* at 22, 23. Ferris asserts that the trial court's finding, which determined the ownership interests of Plaintiffs, affected the rights of Facowee Acres. *Id.* at 24. In addition, Ferris contends that the trial court's alternative conveyance of property to Facowee Acres affected the rights of Facowee Acres. *Id.* at 24-25. Ferris argues that Facowee Acres's interest is integral to the case, and that each of the Plaintiffs has an interest different than that of Facowee Acres. *Id.* at 25-26. Therefore, Ferris asserts, the trial court's Orders determining the parties' interests should be vacated for lack of jurisdiction. *Id.* at 26.

We have explained that

> [a] party is indispensable when his or her rights are so connected with the claims of the litigants that no decree can be made without impairing those rights. If no redress is sought against a party, and its rights would not be prejudiced by any decision in the case, it is not indispensable with respect to the litigation. We have consistently held that a trial court must weigh the following considerations in determining if a party is indispensable to a particular litigation.
>
> 1. Do absent parties have a right or an interest related to the claim?
>
> 2. If so, what is the nature of that right or interest?
>
> 3. Is that right or interest essential to the merits of the issue?
>
> 4. Can justice be afforded without violating the due process rights of absent parties?
>
> In determining whether a party is indispensable, the basic inquiry remains whether justice can be done in the absence of a third party.

*Orman v. Mortg. I.T.,* 118 A.3d 403, 406-07 (Pa. Super. 2015) (citation omitted). If no redress is sought against a party, then its rights would not be prejudiced and accordingly, it is not essential. *Grimme Combustion, Inc. v. Mergentime Corp.*, 595 A.2d 77, 81 (Pa. Super. 1991).

Here, the trial court determined that

> Plaintiffs have proven a valid oral agreement entered into by all Plaintiffs and [] Ferris, for the purchase and conveyance of the subject collective 104.4 acres [the Property and the Adjacent Property]. They have further proven that … Ferris[] has violated the agreement by not conveying the subject real property to the [] Plaintiffs in their respective shares. Lastly, there is no adequate remedy at law as to his nonperformance relating to the non-conveyance of the 104.4 acres.

Trial Court Opinion, 1/11/16, at 28. As found by the trial court, the oral agreement required Ferris and R. Ferris "to have the real property deeded to [Plaintiffs] upon their payment toward the purchase price." *Id.* The trial court's findings are supported in the record, and its legal conclusions are sound. *See, e.g.*, N.T., 8/29/12, at 67 (wherein R. Ferris confirmed his deposition testimony that "the agreement was[,] when everybody was paid in full[,] the [members'] names would be transferred to the deed."); 70 (wherein R. Ferris testified that he and Ferris signed the deed, "with the agreement that their [the members'] names would go on [the deed] later.").

Thus, as determined by the trial court, Facowee Acres was not an indispensable party. Any interest by Facowee Acres would arise only *after* the deed is transferred into the names of the members. Further, there is no redress sought from Facowee Acres. *See Grimme Combustion, Inc.*, 595 A.2d at 81. On this basis, we discern no error by the trial court in rejecting Ferris's claim that Plaintiffs had failed to join an indispensable third party.

In his second issue, Ferris argues that the trial court had no justification for ordering that the members directly be deeded shares of the properties. Brief of Appellant (No. 1131 MDA 2016) at 30. Ferris contends that the trial court considered the contract to be an installment contract. *Id.* Ferris argues that the trial court may not reform the agreement, and then interpret it as reformed. *Id.* According to Ferris, a court in equity lacks jurisdiction over this matter. *Id.*

Ferris further contends that the award of shares of each property to Plaintiffs is barred by the doctrine of equitable estoppel and estoppel by deed. *Id.* at 31. Ferris contends that he was induced into believing that he owned the properties with R. Ferris. *Id.*

In its Opinion, the trial court addressed these claims and concluded that they lack merit. *See* Trial Court Opinion, 1/11/16, at 27-28. The trial court's findings are supported in the record, and its legal conclusions are sound. We therefore affirm on the basis of the trial court's Opinion with regard to these issues, *see id.*, with the following addendum.

The trial court found that the members had orally agreed to contribute to the purchase price of the Property, the Adjacent Property, and their related costs over time. *Id.* at 5. In addition, the trial court found that "the correspondence of January 15, 2007[,] from [] Ferris stated, 'I have my $50,000.00 ready for the past two years to pay off the loan **and then get everyone's name on the property deed.**'" *Id.* at 15; *see also id.* at 18 (setting forth Lafferty's understanding that R. Ferris was to purchase additional shares of the properties from other members, and John M. Ferris's understanding that, "since the members were paid in full, their collective names would go on the deed for the subject 104 acres **and then be conveyed to Facowee Acres.**" (emphasis added)). The trial court's findings are supported in the record. *See* N.T., 4/30/12, at 270 (wherein R. Ferris testified that, at the time of closing on the Property, Ferris had not

- 11 -

paid his share of the purchase price), 271 (wherein R. Ferris testified that although Ferris had paid for the Adjacent Property in full, "that deed was transferred into the [Property] to give it 104 [acres] and[,] at the time[,] on [the] hundred acres, no we were not paid in full."); N.T., 8/29/12, at 67 (wherein R. Ferris confirmed his deposition testimony that "the agreement was[,] when everybody was paid in full[,] the names would be transferred to the deed."), 70 (wherein R. Ferris testified that he and Ferris signed the deed, "with the agreement that their [the members'] names would go on later.").

Thus, the record supports the trial court's determination that the oral agreement included the direct transfer of shares of the Property and the Adjacent Property to each of the Plaintiffs, in their own names and for their proportionate shares. **See** Trial Court Opinion, 1/11/16, at 27-28. We discern no error or abuse of discretion on the part of the trial court in this regard. Accordingly, Ferris's claim lacks merit.

Regarding Ferris's assertion of estoppel by deed, Ferris claimed that he was "induced to buy the land on the premise that he and his brother would own it as joint tenants[,] and he relied upon this not knowing that meanwhile[,] his brother ha[d] talked several other friends into giving him money for an interest in the land." Brief of Appellant (No. 1131 MDA 2016) at 32-33.

Under the doctrine of estoppel by deed,

- 12 -

[w]here one conveys with a general warranty land which he does not own at the time, but afterwards acquires the ownership of it, the principle of estoppel is that such acquisition inures to the benefit of the grantee, because the grantor is estopped to deny, against the terms of his warranty, that he had the title in question.

**_Shedden v. Anadarko E. & P. Co., L.P._**, 136 A.3d 485, 490-91 (Pa. 2016) (citation omitted).

In its Opinion filed on June 28, 2016, the trial court "found [] Ferris to be generally not credible as to the ultimate issue, given his own contrary oral and written statements, recognizing Plaintiffs as investors." Trial Court Opinion, 6/28/16, at 1. The trial court, as fact-finder, was free to believe "all, part[,] or none of the evidence presented." **_Ruthrauff, Inc. v. Ravin, Inc._**, 914 A.2d 880, 888 (Pa. Super. 2006). As the trial court's findings are supported in the record, and its legal conclusions are sound, we cannot grant Ferris relief on this claim.

In his third issue, Ferris argues that the trial court improperly considered an untimely Motion for Reconsideration, and then erred when it modified/amended its earlier Order beyond the 30-day mandatory time limit. Appellant's Brief (No. 1619 MDA 2016) at 19. Ferris contends that the trial court's Order of January 7, 2016 was a final Order, and that any modification of that Order was required to be made within 30 days after its entry. **_Id._** Ferris further argues that the trial court erred when it granted Plaintiffs' Motion to Enforce, by an Order entered on September 16, 2016, after Ferris

- 13 -

had filed his Notice of Appeal, and where reconsideration had not been expressly granted. *Id.* at 20-21.

Ferris filed his post-trial Motion for a new trial on January 26, 2016. The Motion was denied by operation of law on May 25, 2016. *See* Pa.R.C.P. 227.4(1)(b) (requiring the Prothonotary to enter judgment, upon praecipe of the party, if the trial court "does not enter an order disposing of all [post-trial] motions within one hundred twenty days after the filing of the first motion"). Plaintiffs filed a Praecipe to enter judgment on May 31, 2016. However, judgment was not entered. On June 27, 2016, the trial court entered an Order denying Ferris's Post-Trial Motion, and Ferris timely filed an appeal of that Order.[7] Although judgment was not entered, we will consider as done, that which should have been done. *See McCormick v. Northeastern Bank of Pennsylvania,* 561 A.2d 328, 330 n.1 (Pa. 1989) (although order dismissing appellants' motion for post-trial relief was not reduced to judgment, the court would regard as done "that which ought to have been done," in the interests of judicial economy) (citation omitted)).

"The time within which a trial court may grant reconsideration of its orders is a matter of law[.]" *Mfrs. & Traders Trust Co. v. Greenville Gastroenterology, SC*, 108 A.3d 913, 917 (Pa. Super. 2015) (citation

---

[7] As this Court has long recognized, an appeal properly lies from the entry of judgment after the trial court disposes of post-verdict motions, not from the verdict or an order denying post-trial motions. *Johnston the Florist, Inc. v. TEDCO Const. Corp*., 657 A.2d 511, 514 (Pa. Super. 1995).

omitted). Section 5505 of the Judicial Code states, in relevant part, that "[e]xcept as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, … if no appeal from such order has been taken or allowed." 42 Pa.C.S.A. § 5505.

> The 30-day appeal period is tolled only by a timely order expressly granting reconsideration of the final appealable order. Concomitantly, either the lapse of 30 days beyond the date of entry of an original order, or the filing of a notice of appeal will vitiate the jurisdiction of the trial court to modify, alter, or otherwise proceed further in the matter. Thus, [i]f a trial court fails to grant reconsideration expressly within the prescribed 30 days, it loses the power to act upon both the petition [for reconsideration] and the original order. These principles are premised upon application of 42 Pa.C.S.A. § 5505 ….

***Gardner v. Consol. Rail. Corp.***, 100 A.3d 280, 283 (Pa. Super. 2014).

We additionally are cognizant that Pennsylvania Rule of Appellate Procedure 1701 provides that, once a common pleas court enters a final order and an appeal is filed, the court cannot subsequently modify or amend that order. Pa.R.A.P. 1701.

Here, the trial court did not expressly grant reconsideration within 30 days following its June 27, 2016 Order, which denied Ferris's Post-Trial Motion. Further, Ferris had filed a Notice of Appeal, divesting the trial court of jurisdiction. Because the trial court lacked jurisdiction to enter its August 23, 2016 and September 16, 2016 Orders, we conclude that those Orders

are void.  ***See Gardner***, 100 A.3d at 283; ***see also*** 42 Pa.C.S.A. § 5505;

Pa.R.A.P. 1701.  We therefore vacate the trial court's Orders entered on

August 23, 2016, and September 16, 2016.

In his fourth and fifth claims of error, Ferris argues that the trial court

imposed unreasonable time constraints on the presentation of his case

during trial.  Brief of Appellant (No. 1131 MDA 2016) at 33-34; Appellant's

Brief (No. 1619 MDA 2016) at 19.  Ferris contends that the trial court

improperly imposed a one-hour time limit for his testimony, which was

manifestly unreasonable.  Brief of Appellant (No. 1131 MDA 2016) at 34.

Ferris asserts that as a result of the trial court's limitation, he was deprived

of due process, in violation of the Pennsylvania and United States

Constitutions.  ***Id.***  Ferris further argues that, because he was not given an

opportunity to challenge R. Ferris's testimony, "he was not afforded the

protections afforded to him under statutes governing Limited Liability

Companies … and was denied due process of law."  ***Id.*** at 36-37.

Pennsylvania law provides a trial court with broad power and discretion

to limit the number of witnesses whose testimony is similar or cumulative as

well as any cumulative evidence presented to a jury.  Pa.R.C.P. 223(1).

Upon review, we cannot conclude that the trial court abused its

discretion.  Contrary to Ferris's assertion, the record reflects that Ferris

began testifying on August 21, 2014, continued testifying the full day of

December 22, 2014, and concluded his testimony on April 30, 2015, during

the time allotted. On April 30, 2015, the trial court set the schedule for

Ferris's testimony for that day as follows:

> THE COURT: … I believe, while I do not have a transcript of the last hearing because it has not been prepared as yet, I believe, [Francis] O'Connor[, Esquire ("Attorney O'Connor")], your client was on the stand and you were in the midst of direct examination.
>
> ATTORNEY O'CONNOR: That's correct, Your Honor.
>
> THE COURT: I believe your client has been on the stand at least a day and a half, if not two days, so please—I will give you an hour. Proceed.

N.T., 4/30/15, at 3-4. At that time, Attorney O'Connor lodged no objection.

Later, as Ferris presented cumulative testimony, the trial court advised

Attorney O'Connor not to duplicate matters already in the record. ***See id.*** at

36 (wherein the trial court advised Attorney O'Connor that "[i]f this is

already in the record[,] we do not need to go over it again" and "[t]he

record will speak for itself"); 43 (wherein, upon Attorney O'Connor inquiring

as to reasons for titling the Adjacent Parcel in Ferris's name, and the

objection of Plaintiffs' counsel, the trial court stated, "[w]ell, again, that's

the subject of a lot of testimony that has already been given. If this is

something new, [Attorney] O'Connor, I will hear it. If it is not, move on.").

Ferris offers no detailed explanation of what testimony he was prevented

from providing, or how that testimony would have influenced the outcome of

the proceedings. Ferris states only that the trial court "excluded evidence

that tended to show that [Plaintiffs] had not met their burden with respect to

- 17 -

proving that there was an oral agreement sufficient to overcome the Statute of Frauds." Brief of Appellant (No. 1131 MDA 2016) at 34. Because Ferris's claim is not supported in the record, we cannot grant him the relief requested.

For the foregoing reasons, we affirm the June 27, 2016 Order entered by the trial court, which denied Ferris's Post-Trial Motion. The trial court's Orders of August 23, 2016 and September 16, 2016 are void and, therefore, vacated.

The Order of June 27, 2016 is affirmed; the Orders entered on August 23, 2016 and September 16, 2016 are vacated. Superior Court jurisdiction is relinquished.

Judge Moulton joins the memorandum.

Judge Solano concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/21/2017