J-A17005-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| DAVID REYNOLDS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CONSOLIDATED RAIL | : | |
| CORPORATION, NORFOLK | : | |
| SOUTHERN RAILWAY COMPANY AND | : | No. 2807 EDA 2022 |
| PENN CENTRAL CORPORATION A/K/A | : | |
| AMERICAN PREMIER UNDERWRITERS | : | |
| | : | |
| | : | |
| APPEAL OF: CONSOLIDATED RAIL | : | |
| CORPORATION | : | |

Appeal from the Order Entered October 28, 2022
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  210702545

| | | |
|---|---|---|
| DAVID REYNOLDS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CONSOLIDATED RAIL | : | |
| CORPORATION, NORFOLK | : | |
| SOUTHERN RAILWAY COMPANY AND | : | No. 2811 EDA 2022 |
| PENN CENTRAL CORPORATION A/K/A | : | |
| AMERICAN PREMIER UNDERWRITERS | : | |
| | : | |
| | : | |
| APPEAL OF: PENN CENTRAL | : | |
| CORPORATION A/K/A AMERICAN | : | |
| PREMIER UNDERWRITERS, INC. | : | |

Appeal from the Order Entered October 28, 2022
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  210702545

J-A17005-23

BEFORE: KING, J., SULLIVAN, J., and PELLEGRINI, J.*

MEMORANDUM BY PELLEGRINI, J.:                    **FILED AUGUST 22, 2023**

Consolidated Rail Corporation (Conrail) and Penn Central Corporation a/k/a American Premier Underwriters, Inc. (APUI) (collectively, Defendants) appeal from the October 28, 2022 order of the Court of Common Pleas of Philadelphia County (trial court) granting reconsideration of its September 23, 2022 order dismissing without prejudice a civil action filed by David Reynolds (Plaintiff). On appeal, all parties and the trial court agree that the trial court was without jurisdiction to modify its prior order because more than 30 days had passed since its entry. We thus vacate the trial court's order granting reconsideration and remand.

Because of our disposition, we need not give a full summary of the facts. In July 2021, Plaintiff filed this action against Defendants in the trial court. Plaintiff sought damages under the Federal Employers Liability Act (FELA), 45 U.S.C. §§ 51-60, alleging that he was exposed to excessive amounts of asbestos while working for Defendants in Ohio from 1967 to 2004. After filing its answer and new matter, Conrail moved to dismiss Plaintiff's action based on grounds of *forum non conveniens*, 42 Pa.C.S. § 5322(e). On September 23, 2022, the trial court dismissed Plaintiff's action "without prejudice to refile this action in Ohio or any other appropriate jurisdiction."

---

* Retired Senior Judge assigned to the Superior Court.

- 2 -

On September 29, 2022, Plaintiff filed a timely motion for reconsideration requesting that the trial court amend the language of its order to reflect Plaintiff's original filing date so that the statute of limitations was tolled as of that filing date. Conrail answered and opposed the motion, noting that Plaintiff filed an action in Ohio in February 2022 but later voluntarily dismissed its action. Nevertheless, on October 28, 2022, more than 30 days after entry of its prior order, the trial court granted Plaintiff's motion for reconsideration, vacated its prior order and entered a new order adding Plaintiff's requested language that "[i]f this action is refiled within one-hundred twenty (120) days of this Order, the filing date to be used for statute of limitation purposes in the refiled action shall be July 30, 2021."

Defendants both timely appealed.[1] In its Pa.R.A.P. 1925(b) statement, Conrail asserted that the trial court erred in granting reconsideration more than 30 days after entry of its prior order dismissing the action. In support, Conrail argued that the trial court's order contravened both Section 5505 of the Judicial Code, 42 Pa.C.S § 5505 (governing modification of orders), and

---

[1] Because APUI indicated in its notice of appeal that it joined in the appeal filed by Conrail, this Court issued a show-cause order as to whether the appeals should be consolidated as joint appeals. In its response, APUI averred that it would not be filing a separate brief and did not object to consolidation. Accordingly, this Court consolidated the appeals as joint appeals, designated 2807 EDA 2022 as the lead appeal, and directed APUI to file a formal averment (after Conrail's brief was filed) stating that it joins in Conrail's brief, which it did.

*Gardner v. Conrail*, 100 A.3d 280 (Pa. Super. 2014). The trial court agreed with Defendants in its Pa.R.A.P. 1925(a) opinion that it "incorrectly granted" Plaintiff's motion for reconsideration because its order granting reconsideration was entered over 30 days after entry of its prior order dismissing the action. *See* Trial Court Opinion, 3/16/23, at 3. As the trial court explained:

> Here, this Court granted the underlying Motion to Dismiss by issuing an Order on September 23, 2022. Therefore, this court lost jurisdiction over its Order thirty (30) days later on October 23, 2022. When this Court subsequently granted Plaintiff's Motion for Reconsideration on October 27, 2022, it lacked jurisdiction over the underlying September 23, 2022 Order. Therefore, this Court incorrectly granted Plaintiff's Motion for Reconsideration.

*Id*. We agree.[2]

Section 5505 of our Judicial Code provides as follows concerning modification of orders: "Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed." 42 Pa.C.S. § 5505.

---

[2] "The time within which a trial court may grant reconsideration of its orders is a matter of law...." *Manufacturers and Traders Trust Co. v. Greenville Gastroenterology, SC*, 108 A.3d 913, 917 (Pa. Super. 2015) (quoting *Estate of Haiko v. McGinley*, 799 A.2d 155, 158 (Pa. Super. 2002)). "For questions of law, our standard of review is *de novo*, and our scope of review is plenary." *Id.*

- 4 -

In *Gardner*, the plaintiffs filed a FELA action against their former employers in Philadelphia County. Because the plaintiffs lived and worked in Blair County during their employment, the former employers moved to transfer venue based on *forum non conveniens* under Pa.R.Civ.P. 1006(d)(1). After the trial court granted the motion, the plaintiffs petitioned for reconsideration. The trial court, however, did not rule on the petition within the prescribed 30-day period, waiting until nearly two months had passed before granting reconsideration, following which the former employers appealed to argue that the trial court violated Section 5505 by granting reconsideration more than 30 days after its order granting the motion for reconsideration.

On appeal, we agreed with the former employers that the trial court erred in granting reconsideration more than 30 days after entry of its prior order. In so doing, we recognized that, "it is well-settled that a motion for reconsideration, unless expressly granted within the thirty-day appeal period, does not toll the time period for taking an appeal from a final, appealable order." *See Gardner*, 100 A.3d at 283 (citing *Valley Forge Center Associates v. Rib–It/K.P., Inc.*, 693 A.2d 242 (Pa. Super. 1997)). The panel continued:

> As we noted in *Valley Forge,* the "mere filing of a motion for reconsideration ... is insufficient to toll the appeal period." We continued that "the 30–day appeal period is tolled only by a timely order 'expressly granting' reconsideration" of the final appealable order. *Id.* at 245. Concomitantly, "either the lapse of 30 days beyond the date of entry of an original order, or the filing of a

notice of appeal will vitiate the jurisdiction of the trial court to modify, alter, or otherwise proceed further in the matter." ***Id.*** Thus, "If a trial court fails to grant reconsideration expressly within the prescribed 30 days, it loses the power to act upon both the petition [for reconsideration] and the original order." ***Id.; see also PNC Bank, N.A. v. Unknown Heirs***, 929 A.2d 219, 226 (Pa. Super. 2007). These principles are premised upon application of 42 Pa.C.S. § 5505, which is invoked by [the former employers] in this case, and provides that "a court upon notice to the parties may modify or rescind any order within 30 days after its entry ... if no appeal from such an order has been taken or allowed.

***Gardner***, 100 A.3d at 283. Accordingly, we held that the trial court lost jurisdiction to reconsider its order granting the motion to transfer after 30 days had lapsed from its entry. ***Id***.

Plaintiff's case is analogous to ***Gardner***. Plaintiff filed a FELA against his former employers, Defendants, in Philadelphia County, even though he lived and worked in Ohio. When Defendants moved to dismiss based on *forum non conveniens*, the trial court granted the motion with prejudice to Plaintiff filing his action in Ohio or another appropriate jurisdiction. Because the trial court's order was entered on September 23, 2022, any order granting reconsideration needed to be entered on or before October 24, 2022.[3] Here, however, the trial court did not grant reconsideration until October 28, 2022.[4]

_____

[3] The last day of the computation period fell on October 23, 2022, which was a Sunday and, therefore, excluded from computation. ***See*** 1 Pa.C.S. § 1908 ("Whenever the last day of any such period shall fall on Saturday or Sunday…such day shall be omitted from the computation.").

[4] We note that the trial court's order was dated October 27, 2022, but not entered on the docket until the next day, October 28, 2022. Because the 30-
*(Footnote Continued Next Page)*

- 6 -

As a result of applying Section 5505 and **Gardner**, we conclude that the trial court was without power to reconsider its September 23, 2022 order granting Defendants' motion to dismiss. **See Gardner**, **supra**.[5]

Accordingly, we vacate the trial court's October 28, 2022 order granting reconsideration and remand for the trial court to reinstate its prior September 23, 2022 order granting Defendants' motion to dismiss without prejudice based on *forum non conveniens*.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

_____

day period for reconsideration expired on October 24, 2022, this one-day delay in entry of the order has no effect on our disposition.

[5] For his part, Plaintiff concedes that "both statute and case law support [Defendants'] position." Plaintiff's Brief at 3. Nevertheless, Plaintiff goes on to urge this Court to take judicial notice that "despite making multiple assurances to the contrary in their Motion to Dismiss based on forum non conveniens [Defendants] now appears to be positioning themselves to attempt to use the dismissal from Philadelphia as a defense in [Plaintiff's] already refiled case in Ohio." *Id*. at 3-4. As a result of Plaintiff's request, Defendants have filed a reply brief sharply disputing many of Plaintiff's representations in support of his request.

A "judicial noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Pa. R.E. 201(b). Disputed questions of fact are not within the domain of judicial notice. **See HYK Const. Co. v. Smithfield Twp.**, 8 A.3d 1009, 1017 (Pa. Cmwlth. 2010) (citation omitted). While the parties agree that the trial court erred in granting reconsideration, Defendants' reply brief shows that there remains considerable disagreement between the parties about the timeliness of Plaintiff's subsequent action filed in Ohio. That being the case, we decline Plaintiff's request to take judicial notice about its pending out-of-state action.

Judgment Entered.

Joseph D. Seletyn, Esc.
Prothonotary

Date: <u>8/22/2023</u>